No. 53.—MATTHEW CRENSHAW, plaintiff in error, *vs.* ISRAEL MOORE, defendant in error.

[1.] In an action of trespass for taking away personal property, if the plaintiff has the absolute or general property of the thing upon which the trespass is alleged to have been committed, it is not necessary for him to prove that he was in possession at the time of the trespass.

[2.] A count in trover cannot be joined with a count in trespass.

Trespass, in Troup Superior Court. Tried before Judge HILL, May Term, 1851.

This was an action of trespass, brought by the plaintiff in error against the defendant in error, for the recovery of damages. The declaration alleges that the defendant entered, on the thirteenth day of October, eighteen hundred and forty-nine, into a certain field of the plaintiff, and took out or off of the said field about four thousand pounds of seed cotton, of defendant's, of the value of $160 00.

The defendant pleaded specially, that the cotton mentioned in plaintiff's declaration, belonged to defendant, under a contract with one Dingler, who rented from defendant in the year

1849, by which defendant was to advance provisions and other necessaries to Dingler, for the purpose of enabling him to make a crop, with the understanding that all the corn and cotton made by Dingler, was to belong to the defendant, until he was fully reimbursed for all the advancements which he made to Dingler to enable him to make the crop.

On the trial, plaintiff introduced Wingfield S. Tyson, who swore that he was the acting Constable for the 735th District G. M. Troup County ; that he levied a *fi. fa.* in favor of Walton Whitaker, against John T. Dingler, on seven acres of corn and seven acres of cotton, in the field, as the property of Dingler, on the 17th Sept. 1849 ; that he advertised in terms of the law, and gave the defendant, Moore, notice in writing, of said levy, on the day it was made ; that at the sale, the plaintiff, Crenshaw, became the purchaser of the seven acres of cotton, at the price of $25 05 cents ; that he (Tyson,) put Crenshaw in possession of the same after the sale, by going with him into the cotton field and saying to him, here is the crop, take it—and no one objected thereto ; that defendant, Moore, on the Monday after, offered Crenshaw five dollars for his bargain, which defendant refused to take, but said that he would take $100 00 for his bargain, which Moore refused to give. Other testimony was introduced by the plaintiff. When he closed, counsel for defendant moved for a non-suit, upon the ground that the plaintiff failed to prove possession in himself, of the property upon which the trespass was alleged to have been committed.

When counsel for the plaintiff moved the Court to amend the declaration, by adding a count in trover.

The Court refused the amendment, and sustained the motion for a non-suit, and counsel for plaintiff excepted.

B. M. WILKES, for plaintiff in error, submitted,

1st. Trespass may be maintained in this cause. See (*Note 1st*) 1*st* vol. *Chitty on Pleading*, 8*th* *American from the 6th London edition, top page* 127, 175 and 6, (*note 2.*) 3*rd* vol. *Starkie on Evidence*, 1437. 10 *Wend. R.* 324. 18, *Johns. R.* 257.

2d vol. *Rice's Digest*, 313.    2d vol. *Bouvier's Law Dictionary*, 579 *and* 80.    1st *Sand.* 84.    *Sedgwick on the Measure of Damages, page* 49.

2d. A party may recover, in trespass either upon an actual or constructive possession of the property upon which the trespass is alleged to have been committed.    *See* 1st *vol. Chitty's Practice, pages* 91, '2, '3, *and* 137, '8.    5 *Bar. and Ald.* 918. 2 *Sand. R.* 47.    1 *Term R.* 480.    7 *Term R.* 12, *and see Prince's Digest*, 451, 476.    *Hilliard on Sales*, 121, '2, '3, *and note on* 177, *as to lien.*

3d. Trover and trespass are concurrent remedies, and may be joined together in the same action.    *See* 1st *vol. Chitty on Pleading, top page*, 139, 161.    1 *B. & C.* 146.    2 *D. & R.* 256.

Bull & Terrell, for defendant in error.

*By the Court.*—Nisbet, J. delivering the opinion.

[1.] After the evidence in this cause had been submitted to the Jury on both sides, the defendant below moved the Court to non-suit the plaintiff, upon the ground that he had failed to prove possession of the property upon which the trespass was alleged to have been committed. The motion was granted, and the bill of exceptions claims, that the Court erred in awarding the non-suit, "upon the single ground that no evidence of possession was shown by and on the part of the plaintiff, in the trial of the cause." It would seem that the non-suit was ordered because there was *no evidence of possession;* so reads the bill certified by the presiding Judge. If that were true, the judgment granting the non-suit, would be erroneous beyond question, for there was evidence of posssssion. After the plaintiff in error had bought the crop, (the constable *Tyson* testifies,) he went with the witness into the field, and witness said to him, "here is the crop, take it." This is evidence of possession; but I do not believe that this is the truth of the matter, and conclude that the Court non-suited the plaintiff below, upon the ground that he had failed to prove possession; that is, had not

Crenshaw vs. Moore.

proven such a possession as would, in the opinion of the Court, sustain the action. The motion for a non-suit goes upon that ground expressly. The naked question then is, was there such possession proven as the law requires in such a case ?    I remark first, that this was not a case where the plaintiff relied upon possession alone to sustain his action ; he relied also upon an absolute property in the crop of cotton upon which the trespass was alleged.    What are the facts?    One *Dingler* rented the land of the defendant in error, (Moore,) and made upon it a ı crop of cotton, which had partly matured and was standing in the field. *Dingler* was indebted to *Whitaker* by execution, which was levied upon the crop, and the crop duly brought to sale.    At the sale, the plaintiff in error, *Crenshaw*, bought the growing crop of cotton ; the judgment under which it was sold bears date 17*th March*, 1849, the same year that the crop was made ; it was separately levied upon, and before the levy (it is in evidence) the defendant in execution had left the State and gone to *Alabama*, and at the time of the levy his family also had left. The levy and sale therefore of this crop, although not fully matured was legal.    Our Act prohibits the sale of an immature crop, but in cases where the debtor absconds or removes from the County or State.    The Statute authorizes the sale, if the debtor absconds or removes before the crop has matured. (*Cobb's New Digest*, 514.)    Being a purchaser at a lawful judicial sale, under an unimpeached subsisting judgment, the plaintiff in error acquired the title of the defendant in execution.    If, resting upon such a title, it was necessary at all to prove possession, what kind of possession was necessary to be proven ? If *actual*, then I am not sure but that when the officer of the law, whose right and duty it was to deliver possession, went with the plaintiff in error into the field, and there to him, in form of words made tradition, telling him, *here is the crop, take it ;* actual possession was in the plaintiff in error.    It was all the possession which he could give of the growing crop, and for the time that the purchaser was there, he was in fact in possession.    Having once taken possession, his possession may be fairly considered as continuing up to the time when the defend-

ant entered; but actual possession of the property was not, in our opinion, necessary to sustain this action. Proof of absolute or general property in the plaintiff, of a chattel, without proof of actual possession, is sufficient; for the general property of a personal chattel draws to it, *prima facie*, a possession. The person who has the absolute or general property may support trespass, although he has never had actual possession, or although he has parted with the possession to a carrier, servant, &c., giving him only a bare authority to carry or keep, not coupled with an interest in the thing. 1 *Chitty's Plead.* 167. *Gordon vs. Harper*, 7 *T. R.* 12. 2 *Saund.* 47, *a. b. d. Fisher vs. Young*, 2 *Buls.* 268. *Smith et al. vs. Mills*, 1 *T. R.* 480. *Putnam vs. Wiley*, 8 *Johns. R.* 432. 7 *Ibid*, 535. 3 *Day*, 498. 11 *Johns. R.* 285. 3 *Day*, 272. 16 *East*, 33. 8 *T. R.* 72. *Com. Dig. Tres. B.* 4. 7 *D. & R.* 106, *S. C.* 4 *B. & C.* 652.

It is furthermore in evidence in this case, that the defendant, *Moore*, recognised both the title of the plaintiff and his right of possession, by putting in a claim to the money raised by the sale of the cotton, and by offering to buy the plaintiff's bargain. In defence, *Moore* pleaded a title to this crop of cotton by contract with *Dingler*, paramount to the title of the plaintiff by his puchase, and introduced some evidence to support it. No question whatever is brought to our consideration growing out of this defence; we have therefore nothing to say upon that defence, except that whether it was sustained or not by the evidence, was a question for the Jury. The plaintiff proved enough to carry his case to the Jury; but the record makes no question about the title of the plaintiff, or of the defendant; it makes *the* question whether the plaintiff did shew such *possession* as would sustain his action in law, against a motion for a nonsuit. If it was not necessary to prove possession, after proving absolute property, the Court erred in non-suiting him, because he had not proven possession; and upon this ground we reverse the judgment.

[2.] We agree with our learned brother of the Circuit Bench, that this writ was not amendable by adding a count in *trover. Trespass and case* cannot be joined. They are actions

of distinct natures; the judgments are different—that in *trespass* being in strictness *quod capiatur*, and that in case *quod sit in miserecordia*.    1 *Chitty Plead.* 199.    1 *Lord Ray.* 272, '3.    2 *Saunders* 117 *e. note* 2.    *Bac. Abr. title Actions in General C. Gould's Plead.* 214.

Let the judgment be reversed.