## CHARLES BELLANT v. JOHN C. BROWN.

*Pleading—Declaration—Joinder of counts.*

1. A declaration containing four counts, namely:

    *a*—For obstructing a navigable river with saw-logs so that plaintiff could not make use of it in floating his logs and timber, and in not making use of any means for the removal of such obstructions;—

    *b*—For a like obstruction of the river at another time and place, so as to hinder and delay the plaintiff's drive unreasonably, by which he lost the sale of his logs at an agreed price, and was obliged to sell the same at a greatly reduced price;—

    *c*—For breaking plaintiff's booms and chains, and setting his logs adrift, thus subjecting him to large expense in securing them from loss and destruction;—

    *d*—For breaking said booms and chains at another time and place, by means of which plaintiff's logs went adrift and became mixed with other logs, putting him to large expense in getting them together again, and sorting them from among other logs,—

    Is not objectionable for a misjoinder of causes of action.

2. Giving a statutory right of action different in form from that at the common law for the same grievance, does not abrogate the right to proceed at common law, unless the new remedy is declared to be exclusive.

3. How. Stat. § 7759, removes all objection to the joinder of a count in trespass with one in case, in the same declaration, and should be liberally construed by the courts.

Error to Cheboygan. (Ramsdell, J.) Argued October 17, 1889. Decided December 28, 1889.

Case. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Oscar Adams* (*George E. Frost,* of counsel), for appellant.

*Watts S. Humphrey,* for defendant.

SHERWOOD, C. J. This action is trespass on the case for obstructing the Ocqueoc river, a navigable stream, with saw-logs, in advance of plaintiff's drive of logs, and for neglecting to use any means for the removal of the obstruction, whereby the plaintiff, as he alleges, was put to large expense in the removal of such obstruction, in order to run his own logs, and thereby sustained great damage. The plaintiff's grievance was set forth in four counts. In these the defendant claimed there was a misjoinder, and objected to any testimony being received thereunder; and the court, being of the opinion that the objection was well taken, sustained the same, and dismissed the plaintiff's case. The case is now before us on error.

The only question submitted for our consideration is the action of the court in dismissing the plaintiff's case.

The plaintiff claims that the first count is in case for obstructing the river so that he could not make use of it in floating his logs and timber, and in defendant's not making use of any means in the removal of such obstructions; that the second count is in case, for obstructing the river in the same way, at another time and place, with logs, so as to hinder and delay the plaintiff's drive unreasonably, by which he lost the sale of his logs at an agreed price, and was obliged to sell same at a greatly reduced price; that the cause of action in the third count is in case, for breaking the plaintiff's booms and chains holding his logs at a certain time, by means of which plaintiff's logs went adrift, thus subjecting plaintiff to large expense and trouble in gathering them in, and again securing them from loss and destruction; that the fourth count is in case, for breaking the plaintiff's booms and chains holding his logs at another time and place, by means of which the plaintiff's logs went adrift and became mixed with other logs, and plaintiff was put

to large expense in getting his logs together again, and in sorting them out from among other logs, with which they had become mixed, and suffered great damage thereby. Such is the claim of the plaintiff as to the form of action for the several causes in the declaration, and he contends that it was his duty to join them in bringing his suit, as he has done.

Counsel for defendants insists that the first count is in *assumpsit,* to enforce a statutory right, and which could not be maintained at common law, and under our decisions cannot be joined with a common-law action; that the second count is in trespass on the case, and that *assumpsit* and case cannot be joined in this State, under our statutes and practice; that the third and fourth counts are both in trespass. The defendant claims a misjoinder as between the second count and the third and fourth counts, and further insists that trespass cannot be joined with case.

The circuit judge, in deciding the case, held that a complete statutory right of action is stated in the first count, and, to sustain this view, counsel for defendant points to How. Stat. § 2037. And the court, further proceeding, said:

"The next is a common-law right; the cause stated is the obstruction of the stream. The next is for trespass in cutting plaintiff's booms and letting his logs go drifting down the stream, and the fourth count is of the same nature, and all these counts cannot be joined."

This declaration does not present a case where several different causes of action are all joined in the same count, and which causes are inconsistent with each other, requiring different judgments, such as heretofore have fallen under the condemnation of this Court (*Friend v. Dunks,* 37 Mich. 25, 39 Id. 734); but there are four separate and distinct causes of action, contained in as many different

counts, but all in the same declaration, all sounding in wrong, and each count setting out the particular facts and circumstances under which such cause of action arises, and upon which damages are claimed. I think each count is in case, and all were rightly joined.

Each one of these counts contains the statement of a cause of action at common law; and the fact that a statute has been passed giving a right of action in either, different in form from that at the common law, does not abrogate the right to proceed at common law for the same cause, without some special provision of statute to that effect, and we have not been referred to any such statute.

By express provision of our statute, trespass on the case may be brought in any case where trespass will lie. The statute reads as follows:

"Where, by the wrongful act of any person, an injury is produced either to the person, personal property, or rights of another, or to his servant, child, or wife, for which an action of trespass may by law be brought, an action of trespass on the case may be brought to recover damages for such injury, whether it was willful or accompanied by force or not, and whether such injury was a direct and immediate consequence from such wrongful act, or whether it was consequential and indirect." How. Stat. § 7759.

This statute removes all objection to the joinder of a count in trespass with one in case, in the same declaration. These should receive no technical construction. They were intended to obviate the technical rules of pleading which had grown up under the decisions of the courts, and to enable parties to bring as many claims as possible into one suit, and thereby avoid the expense and vexation of as much litigation as possible; and, with this object in view, the statute should be liberally construed in its application by the courts.

The judgment should be reversed, and a new trial granted.

The other Justices concurred.