JOSEPH F. HAINES v. HARLOW G. BEACH AND JOHN J. ALGER.

| 90 | 563 |
| 127 | 160 |

| 90 | 563 |
| s51NW | 644 |
| 130 | 186 |

*Pleading—Misjoinder of counts—Tenant at will—Notice to quit.*

1. A count in trover cannot be joined with one in trespass, nor with one in *assumpsit*.

2. A count in a declaration which recites that the plaintiff was a lessee of the defendants, and in the possession of a certain room, and that it was defendants' duty to permit the plaintiff to occupy the room as their tenant, and that, in disregard of this duty, the defendants on a certain day fastened up the door of the room, and thereafter prevented plaintiff from entering it, if regarded as a count in tort, must be treated as setting up a trespass, the gist of the charge being the forcible eviction of plaintiff.

3. What was said in *Bellant v. Brown*, 78 Mich. 297, relative to the joinder of trespass and case, must be construed as limited to cases in which either form of action is permissible.

4. A letting for an indefinite period by the month creates a tenancy at will, and the tenant is entitled to one month's notice to quit in order to terminate such tenancy.

Error to Alpena. (Kelley, J.) Argued February 11, 1892. Decided March 11, 1892.

Trover. Defendants bring error. Reversed. The facts are stated in the opinion.

*J. C. Shields,* for appellants, contended:

1. The second count charges that on August 20, 1888, the plaintiff leased, for $12.50 per month, the tinware room, and bench machinery and fixtures therein, for an indefinite length of time, and went into possession thereof; that plaintiff had a large and prosperous business as plumber and tinner, which had grown up while he was in the said room; that while so prospering, and on August 30, 1889, the defendants fastened up the door of the shop, and excluded the plaintiff therefrom, and took possession of everything therein. It then alleges that, because of this action of defendants in closing up said

door, the plaintiff lost his customers and business, and was unable to perform the contracts he had on hand, and that, by reason of defendants interfering with and breaking up plaintiff's business, he has been damaged $5,000. The third count alleges simply that on August 20, 1888, the plaintiff entered into a contract of leasing, by which the plaintiff was entitled to the said room named in the other counts for the rental of $12.50 per month, and that upon payment of the same the plaintiff was entitled to remain therein, and carry on the tin and plumbing business, and that it was the duty of the defendants to permit the plaintiff to occupy the room in accordance with agreement; but that defendants, on the 30th day of August, 1889, fastened up the door of the room, and by that means broke up the plaintiff's business.

Neither the second nor the third count alleges that the plaintiff had performed his agreement, either by payment of rent or otherwise; and, if any cause of action is stated, it is an action for a breach of contract, which is improperly joined with the first count; citing *Wait v. Kellogg*, 63 Mich. 138; *Day v. Owen*, 5 Id. 520.

*W. E. Depew*, for plaintiff, contended:

1. The injuries complained of in the second count are consequential injuries to plaintiff's business and trade, and case is the proper form of action in which to seek a recovery for such wrong; citing *Trafford v. Hubbard*, 8 Atl. Rep. 690; *Waterman v. Hall*, 17 Vt. 128; 2 Greenl. Ev. § 226; and it was proper to join a count in trover with the second count; citing *Beebe v. Knapp*, 28 Mich. 56; *Wait v. Kellogg*, 63 Id. 138.

MONTGOMERY, J. The plaintiff below recovered under a declaration containing three counts, the first of which was a count in trover for the conversion of personal property. The others each recited that the plaintiff was the lessee of the defendants, and in the occupancy of a room in a brick block in the city of Alpena, and that it was the duty of the defendants to permit the plaintiff to occupy the room as their tenant, yet that the defendants disregarded their obligations in this: that on the 30th day of August, 1889, they fastened up the door of said room, and from said 30th day of August have prevented plaintiff from entering, etc.

1. The question first presented is whether there was a misjoinder of counts. The question was distinctly raised at the trial, but the court overruled the defendant's objection, and a general verdict was rendered for the plaintiff. We think the objection should have been sustained. A count in trover cannot be joined with a count in trespass, nor with one in *assumpsit.* 1 Chit. Pl. 202; *Crenshaw v. Moore,* 10 Ga. 384; *Sheppard v. Furniss,* 19 Ala. 760; *Friend v. Dunkes,* 37 Mich. 25.

If the second and third counts of this declaration are regarded as counts in tort, they must be treated as setting up a trespass. The matter of inducement, reciting the nature of the plaintiff's right to the possession of the *locus in quo,* does not change the nature of the action. The gist of the charge in each count is the forcible eviction of the plaintiff, and the proofs support this averment. The form of the count cannot change it to one in case, for the reason that it has been ruled that trespass on the case does not lie for a trespass to real property. *Wood v. Railroad Co.,* 81 Mich. 358; *Ives v. Williams,* 53 Id. 636.

In *Ives v. Williams* one of the counts was for interference by a landlord with the plaintiff's possession under a claim of license. Justice CAMPBELL, in rendering the opinion, said:

" If valid for any purpose, this is a count in trespass, and sets up no consequential damages. The court properly held no recovery could be had under this count. But we think the objection of misjoinder of counts should have been considered when made at the outset of the trial." See, also, Wood, Landl. & Ten. § 538.

What was said in *Bellant v. Brown,* 78 Mich. 297, relative to joinder of trespass and case, must be construed as limited to cases in which either form of action is permissible.

2. It is also contended on behalf of the defendants that the plaintiff's term had expired, and that the defendants had a right to re-enter. The evidence at the trial, however, showed that the letting was for an indefinite period by the month. The plaintiff, therefore, became a tenant at will, and entitled to one month's notice to quit.

3. We deem it unnecessary to discuss at length the rule of damages, as we cannot anticipate the course of the plaintiff on a new trial. Should the case be so shaped as to present the question of liability for the trespasses alleged, the cases of *Allison v. Chandler,* 11 Mich. 542; *Shaw v. Hoffman,* 25 Id. 162; and *Tracy v. Butters,* 40 Id. 405,—furnish a sufficient guide. We think it proper to say, however, that the jury should have been instructed that the extent to which they would be justified in going would be to make plaintiff whole for the interruption and loss of his business, and that it was the plaintiff's duty to use reasonable effort to re-establish himself in business, and to reduce this loss to the minimum. *Dobbins v. Duquid,* 65 Ill. 464; *Green v. Williams,* 45 Id. 206; *Chandler v. Allison,* 10 Mich. 460.

The judgment will be reversed, with costs, and a new trial ordered.

The other Justices concurred.