## HART *v.* VILLAGE OF NEW HAVEN.

1. EVIDENCE—ADMISSIONS—INSTRUCTIONS.

   It is not error to instruct the jury that verbal admissions should be carefully scrutinized, if given with care not to reflect an opinion, or lead the jury to deny to the testimony its proper weight.

2. DEFECTIVE WALK—NOTICE.

   In an action against a village for personal injuries received from a fall caused by stepping into a hole in a sidewalk, a witness who lived about 10 rods from the alleged hole testified that he called the attention of the street commissioner to the condition of the walk in the vicinity of the hole, and that the commissioner told him to go to the street committee. The commissioner was not called to contradict it. *Held*, that, if the walk was badly out of repair, this was sufficient to create the duty of inquiry, and justify an instruction that the village "had notice of the condition of the walk, whatever it was."

3. REQUESTS TO CHARGE.

   The refusal of a request to instruct the jury is not error where the substance of the request is given, but not in the words requested.

4. SAME—MISLEADING REQUEST.

   A request that plaintiff could not recover for medical attendance unless he showed the same had been paid for or agreed to be paid for was properly refused, as it would probably have been misunderstood.

5. EVIDENCE—WANT OF EXCEPTION.

    A case will not be reversed for the admission of testimony to which no objection was made or exception taken.

6. DAMAGES IN TORT—LOSS OF PROFITS.

    A falling off in receipts of plaintiff's business is some evidence of the value of his attention to his business, and is admissible in an action of tort for personal injuries as bearing on the amount of damages.

Error to Macomb; Tucker, J. Submitted December 13, 1901. (Docket No. 186.) Decided March 26, 1902.

Case by Louis K. Hart against the village of New Haven for personal injuries. From a judgment for plaintiff, defendant brings error. Affirmed.

*Seth W. Knight* (*C. D. Joslyn*, of counsel), for appellant.

*O. C. Lungerhausen* (*Byron R. Erskine*, of counsel), for appellee.

HOOKER, C. J. The plaintiff claims to have suffered a sprain in the ankle by stepping into a hole in defendant's sidewalk upon a dark night, whereby he was incapacitated from business. The jury found a verdict in his favor for $800, and the defendant has brought error.

A number of witnesses testified, upon the part of the defendant, to statements made by the plaintiff relating to the place and occasion and extent of his injury, some of which tended to show that he was hurt at a different place in the same village; others that the accident occurred, or that the injury was aggravated, at Flint; others that his injury was trifling. The court instructed the jury that:

" As to these statements claimed to have been made by the plaintiff as to the cause of his injury, you are instructed that it is proper to take them into consideration as bearing upon his credibility, and also upon the question of whether or not the injury he complained of was caused in the manner complained of, or in some other or different way. In this connection I think I should caution you that this class

of evidence—that is, statements made by witnesses as of admissions or statements made by the plaintiff to them— should be carefully scrutinized; not because witnesses willfully misstate alleged admissions or statements they may have heard, but because of the fact that we know so well by experience how easy it is to be mistaken as to a word or expression uttered by a third person, and which we are undertaking to repeat long afterwards. You have seen it exemplified in this case, where witnesses misspeak themselves, and where the attorneys differ as to what their witness has actually said here upon the stand."

There was testimony tending to show that officers of the village were notified that the walk in the vicinity was defective, and also that the hole complained of was of six months' or a year's standing; while, upon defendant's behalf, there was testimony denying actual notice on the part of most of the officers, and testimony tending to show that the walk was not in a dangerous condition.

At the time of the alleged accident, the plaintiff was carrying on the livery business. He testified that he was prevented by his injury from being at the barn and giving it his personal attention, and that, while his receipts for a given time before the accident were a sum stated, they were much less for a corresponding period thereafter, and that he sold out the business soon after.

The court was requested by defendant's counsel to instruct the jury that:

"You are instructed that a municipal corporation is required to exercise vigilance in keeping its streets and sidewalks in reasonably safe condition for public travel by night as well as by day; but it is not an insurer against accidents, nor is it required to maintain the surface of its sidewalks free from all irregularities, and from any possible obstruction to mere convenient travel."

"I charge you, as a matter of law, that a village, city, or township is not an insurer against accidents to pedestrians passing along their streets or highways, and that all that is required of a village, city, or township is to have their streets, highways, or sidewalks in a reasonably safe condition for public travel; and such reasonably safe condition exists whenever such streets, highways, or side-

walks can be safely passed over by a person who is in the exercise of reasonable and ordinary care:"

He refused these requests, and instructed the jury as follows:

"It is the duty of the village authorities to keep the sidewalks along its public streets in a reasonable state of repair, and in a reasonably safe and fit condition for public travel, so that pedestrians lawfully passing and repassing along and over such walks by day as well as by night may do so with reasonable safety to themselves in the exercise of due care."

"Personal knowledge of a defect in the sidewalk is not alone sufficient to bar recovery by one injured by reason of such defect. If plaintiff had made it appear that he had not the defect in his mind at the time of the alleged injury, and otherwise exercised due care to avoid the accident, he is not guilty of contributory negligence."

"However, as I view it, it is not of material consequence in this case, as I think it is my duty to instruct you that the village, as a matter of fact, did have actual notice of this defective condition alleged to have existed in this walk. There is some dispute in testimony between the officers of the village and the witnesses on the part of the plaintiff as to whether or not certain ones of them received notice of this alleged defective condition; but, as I remember the testimony, it appears, without contradiction, that Mr. Hull, who was, at the time of the accident, street commissioner of the village, was informed, some time before this alleged accident, that the walk was defective; so that the village must be held to have had actual knowledge of the condition of the walk, whatever it may have been; and, if you find this walk was not in a reasonably safe condition for public travel at this time mentioned, the defendant, under the proofs in this case, must be held to have known the fact. Whether this knowledge came to them a sufficient length of time prior to this alleged accident to have permitted of the walk being in a reasonably safe condition and state of repair if the village exercised due diligence, is a question of fact for you to consider."

Plaintiff's physician testified that he charged him $13 for attendance, which had not yet been paid. The court refused to give a request that, "The plaintiff cannot recover for any medicines purchased or medical attendance

in this case until he has shown that the same has been paid for, or agreed to be paid for."

Error is assigned upon several of these subjects. It is urged that the instruction relating to the testimony of witnesses offered to prove admissions was injurious, as it indicated distrust, on the part of the court, of such testimony. The instruction was one which the authorities justify; but justice requires care in giving instruction, lest the jurors infer that it reflects an opinion, or are led to deny to the testimony its legitimate and proper weight. Any discussion of witnesses or their evidence, especially where it applies to individual witnesses, or, if a class, to those upon one side only, should be dispassionate. We think this was so intended, and do not feel justified in concluding that the jurors were misled by it.

It is said that the court erred in the instruction that the defendant "had notice of the condition of the walk, whatever it was." This instruction was made to rest upon proof of notice to the street commissioner, who was not produced to deny it. The proof was from witness Sutherland who said that a hole had existed for about two years, and that he "called the attention of the street commissioner to the condition of the walk, not right there, just above it and there and all the way down from my place." He lived about 10 rods from the alleged hole. He said to him that there were holes all the way down the walk, and testified that Hull told him to go to the street committee. Nothing appears to discredit Sutherland, and the fact of notice was proved. It is true that there was a dispute as to whether the hole was such a defect as to be dangerous, but the court recognized that by saying that the notice to Hull was notice of such condition as actually existed. If the walk was badly out of repair, this was enough to have created the duty of inquiry. The jury must have found the walk defective.

Counsel were entitled to have the substance of the third and sixth requests given, and this, we think, is found in the charge. The court did not say, in explicit language,

that the village was not an insurer, or that the streets are in a reasonably safe condition for public travel when they *can* be safely passed over by a person who is in the exercise of reasonable and ordinary care; but the language used was apt, and could not well have failed to convey a proper understanding of the true rule.

It was not error to refuse to instruct the jury that payment or agreement to pay for medical attendance was necessary to authorize a recovery. The law implies a promise to pay for medical attendance when it is called and accepted, and the instruction proposed, even though it be considered broad enough to cover an implied promise to pay, would probably have been misunderstood.

There was no proof that plaintiff sold out his business at a loss, and the court excluded damages of such character. It is said that the plaintiff should not have been permitted to testify that he was compelled to sell out. The admission of this testimony was not excepted to. Being in, it was proper for the court to instruct the jury that it was not an element of damage.

While the difference in profits was not the exact measure of damages, the showing of the falling off of receipts was some evidence of the value of plaintiff's attention to his business,—a circumstance from which the value of his time might be estimated,—and was admissible in an action of tort. The plaintiff was not to blame for being unable to demonstrate just the amount of his loss; and he was entitled to show it by, and the jury to find it from, the circumstances of the case, of which this was one. We think the verdict pretty liberal, but not unusually so, and we cannot review it upon this record. *Allison* v. *Chandler*, 11 Mich. 542; *Gilbert* v. *Kennedy*, 22 Mich. 117; *McKinnon* v. *McEwan*, 48 Mich. 108 (11 N. W. 828, 42 Am. Rep. 458); *Geveke* v. *Railroad Co.*, 57 Mich. 589 (24 N. W. 675); *Grand Rapids, etc., R. Co.* v. *Weiden*, 70 Mich. 390 (38 N. W. 294); *Kinney* v. *Folkerts*, 84 Mich. 616 (48 N. W. 283); *Haines* v. *Beach*, 90 Mich. 566 (51 N. W. 644); *Commissioners of Parks & Boule-*

*vards* v. *Moesta*, 91 Mich. 154 (51 N. W. 903); *Oliver* v.
*Perkins*, 92 Mich. 304 (52 N. W. 609); *Patterson* v.
*?ity of Boston*, 23 Pick. 425; *Turner* v. *Railway Co.*,
15 Wash. 213 (46 Pac. 243, 55 Am. St. Rep. 883); 8 Am.
& Eng. Enc. Law (2d Ed.), pp. 620, 626, 650, 651, and
ntes, 653, 654.

The contents of the newspaper article was unimportant,
ant the refusal to admit it should not reverse the case.

The judgment is affirmed.

MOORE, GRANT, and MONTGOMERY, JJ., concurred.
LONG, J., did not sit.