BELUE v UNIROYAL, INC

Docket No. 49163. Submitted December 8, 1981, at Detroit.—Decided
    April 5, 1982.

  Barner Belue, the owner and operator of a gas station, was
    injured when the tire on which he was working exploded. Belue
    brought in Wayne Circuit Court a products liability action
    sounding in both negligence and warranty against Uniroyal,
    Inc., the manufacturer of the tire, and a negligence action
    against George Pressley, the owner of the tire. Following the
    trial before Ricardo J. Lubienski, J., the jury found in favor of
    plaintiff and against defendant Uniroyal, Inc., and returned a
    net verdict of $117,500, which reflected plaintiff's 40% contribu-
    tory negligence. Defendant Uniroyal, Inc., appeals. Plaintiff
    cross appeals. *Held:*

    1. The trial court properly instructed the jury that the
    plaintiff need not identify the specific defect in the tire in order
    to recover.

    2. The trial court properly refused defendant Uniroyal's
    request to charge on what does not establish the plaintiff's case
    since the trial court gave complete and correct instructions as
    to what was required in order for plaintiff to recover.

    3. The trial court's instructions, when read as a whole,
    properly informed the jury relative to what to do if there was

REFERENCES FOR POINTS IN HEADNOTES
[1] 63 Am Jur 2d, Products Liability § 22.
[2] 75 Am Jur 2d, Trial § 846.
[3] 22 Am Jur 2d, Damages § 346.
    75 Am Jur 2d, Trial § 682.
[4] 63 Am Jur 2d, Products Liability §§ 18, 20.
[5] 5 Am Jur 2d, Appeal and Error §§ 624, 625.
[6] 57 Am Jur 2d, Negligence § 300.
    63 Am Jur 2d, Products Liability § 32.
    Contributory negligence or assumption of risk as defense to action
        for personal injury, death, or property damage resulting from
        alleged breach of implied warranty. 4 ALR3d 501.
[7] 63 Am Jur 2d, Products Liability § 42 *et seq.,* 219.
    75 Am Jur 2d, Trial § 646.
[8] 63 Am Jur 2d, Products Liability § 225.

certainty as to defendant's liability but uncertainty as to the precise dollar amount of plaintiff's damages. The instructions as given were in accord with the general principle that the defendant should bear the burden of uncertainty as to the amount of damages once the defendant has been found to have been responsible for the plaintiff's injury.

4. The trial court properly permitted the admission of testimony of defects in other tires for the purpose of establishing the qualifications of plaintiff's witness as an expert witness.

5. Any question with respect to the nature of the closing arguments of plaintiff's counsel was not properly preserved for appellate review.

6. Since plaintiff's action went to the jury on both the theory of negligence and the theory of breach of implied warranties, the trial court properly charged the jury as to contributory negligence.

7. The trial court properly granted defendant Uniroyal's motion for a directed verdict on plaintiff's claim of a breach of a duty to warn.

8. The trial court properly refused to permit the introduction of evidence relating to lost profits by plaintiff for the purpose of establishing damages, since, at best, any connection between plaintiff's injury and the loss of profits was highly speculative.

Affirmed.

1. PRODUCTS LIABILITY — DEFECT — BURDEN OF PROOF.

   A plaintiff in an action against a manufacturer for damages caused by a defective product need not identify the specific cause of the defect.

2. TRIAL — JURY INSTRUCTIONS — PRODUCTS LIABILITY — BURDEN OF PROOF.

   A trial court in a products liability case does not err in refusing to give a defense requested instruction as to what does not establish the plaintiff's case where the court has given complete and correct instructions as to what is required in order for plaintiff to recover.

3. TRIAL — JURY INSTRUCTIONS — PRODUCTS LIABILITY — DAMAGES.

   It is proper to instruct the jury in a products liability case that, if damages cannot be estimated with certainty and there is the risk of giving less than fair compensation, it is the policy of this state that it is better to run the slight risk of giving somewhat more than actual compensation; such an instruction is in accord with the general principle that the defendant should

bear the uncertainty as to the amount of damages once it has been found that the defendant, in fact, is responsible.

4. EVIDENCE — WITNESSES — EXPERT WITNESSES — PRODUCTS LIABILITY.

A trial court in a products liability case may in its discretion permit the introduction of evidence concerning defective products similar to the product at issue for the purpose of establishing the qualifications of a witness as an expert witness (MRE 702).

5. APPEAL — CLOSING ARGUMENTS — PRESERVING QUESTION.

A mere objection to the closing arguments of opposing counsel is insufficient to preserve for appeal review of whether those remarks constitute error requiring reversal; a motion for mistrial or a request for a corrective instruction is necessary to preserve for appellate review the question of whether the closing arguments of counsel constituted error requiring reversal.

6. PRODUCTS LIABILITY — CONTRIBUTORY NEGLIGENCE — JURY INSTRUCTIONS.

An instruction on contributory negligence is proper in a products liability trial where the products liability claim was presented to the jury on both the theory of breach of implied warranty and the theory of negligence.

7. PRODUCTS LIABILITY — JURY INSTRUCTIONS — DUTY TO WARN.

An instruction to the jury in a products liability case on a duty to warn theory is unnecessary where the plaintiff maintained only that the product was dangerous because of defective manufacture since, if the accident occurred because of defective manufacture, the manufacturer would be liable whether warnings were given or not.

8. DAMAGES — EVIDENCE — LOST PROFITS — PRODUCTS LIABILITY.

The admission of evidence of lost profits for the purpose of establishing damages in a products liability case is properly denied where the evidence offered, at best, was highly speculative on the question of whether the plaintiff's loss of profits resulted from his injury caused by the product.

*Lopatin, Miller, Freedman, Bluestone, Erlich & Rosen* (by *Steven G. Silverman),* for plaintiff.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by

*J. Thomas Lenga* and *M. Teresa D'Arms),* for defendant.

Before: D. C. RILEY, P.J., and R. M. MAHER and CYNAR, JJ.

CYNAR, J. Defendant Uniroyal appeals of right from a jury verdict rendered in Wayne County Circuit Court on November 5, 1979. Plaintiff cross appeals. This case arose from an accident wherein plaintiff, the operator of a gas station, was injured as a result of the explosion of an automobile tire while plaintiff was repairing a leak in the tire. The jury found defendant Uniroyal 60% negligent and plaintiff 40% negligent, resulting in a net verdict for plaintiff of $117,500.

I

Defendant Uniroyal argues that the trial court committed reversible error in its jury instruction that the plaintiff need not identify the specific cause of the defect in the tire to sustain his burden of proof and by failing to instruct the jury, as requested by defendant Uniroyal, that proof that an accident occurred and that injury resulted did not meet plaintiff's burden of proof. We find no error in the instruction given. In *Holloway v General Motors Corp (On Rehearing),* 403 Mich 614, 621-623; 271 NW2d 777 (1978), the Michigan Supreme Court explained the applicable law relative to the burden of proof concerning specific defects. The instructions given in the instant case are consistent with that burden of proof.

Regarding the trial court's refusal to give the instruction requested by defendant Uniroyal, we find that the jury was properly instructed as to

plaintiff's burden of proof. We think it unnecessary for the trial court to instruct the jury as to what does *not* establish plaintiff's case, when it has given complete and correct instructions as to what *is* required in order for plaintiff to recover.

## II

Defendant Uniroyal claims that the trial court erred by instructing the jury that, if plaintiff's damages could not be estimated with certainty, they should give excessive compensation rather than risk giving an inadequate award of damages to plaintiff.

The trial judge gave the following instruction to the jury:

"You must attribute to the accident only those damages which directly resulted from the negligence of the defendant. The amount of money to be awarded for certain of these elements of damage, such as pain and suffering, cannot be proved in a precise dollar amount. The law leaves such amount to your sound judgment. Your verdict must be solely to compensate plaintiff for his damages, and not to punish the defendant.

"The defendant in this case cannot be held liable for injuries inflicted by another party in a separate accident. You must attribute to the defendant here only those damages which directly resulted from the negligence, if any, of the defendant in regard to this accident.

"Further, if from the nature of the case damages cannot be estimated with certainty and there is a risk of giving by one course less and another course more than a fair compensation, it is the policy of the law of this state that it is better to run a slight risk of giving somewhat more than actual compensation than to reach a result which under the circumstances of the case, would in all reasonable probability, prejudice the

injured plaintiff for the recovery of a large portion of the damages he has suffered."

Defendant Uniroyal complains of that portion of the instruction wherein the court told the jury that it is better to run a slight risk of giving more compensation.

The language in question appears in the early case of *Allison v Chandler,* 11 Mich 542, 553-554 (1863). A careful reading of that case reveals that the policy of running a slight risk of giving somewhat more than actual compensation was advanced there as a justification for allowing juries to consider elements of damages, the amount of which was not ascertainable as an exact sum but the existence of which was supported by competent evidence. See *Story Parchment Co v Paterson Parchment Paper Co,* 282 US 555, 562, 566; 51 S Ct 248; 75 L Ed 544 (1930).

The relevant issue in *Allison* was whether the jury could consider evidence of lost profits as an element of damages in tort where the tortfeasor caused plaintiff's place of business to become untenantable, forcing him to move to a demonstrably less desirable location. The Court decided that where lost profits could be shown with reasonable (even though not exact) certainty, they were a proper element of damages for consideration by the jury. *Id.,* 559-560. The Court noted, however, that, where profits were too contingent, remote or speculative, the jury would not be allowed to consider such evidence.

The policy in question is used to justify holding a tortfeasor responsible for 100% of a plaintiff's damages where a defendant's tort causes an aggravation of a plaintiff's previous injury and the jury is unable to apportion the damages between the tortfeasor and the previous cause. *McNabb v*

*Green Real Estate Co,* 62 Mich App 500, 515-519; 233 NW2d 811 (1975).

The instruction as used in the instant case follows the general principle of *Allison* and *Mc-Nabb* that a defendant should bear the burden of uncertainty as to the amount of damages, once that defendant is found, in fact, to have been responsible. We note that such an instruction must be used carefully so as to be limited to the question of the amount of damages. In the instant case the instructions, when read as a whole, were proper.

### III

Defendant Uniroyal complains of the admission of evidence of defective tires other than the one involved in the accident.

We find no error in the admission of the testimony of defects in other tires given by plaintiff's expert. That testimony was given to qualify plaintiff's expert, and was admissible in the trial court's discretion. MRE 702, *Siirila v Barrios,* 398 Mich 576, 591; 248 NW2d 171 (1976). We find no abuse of that discretion in the instant case.

A more difficult question is presented by the admission of evidence that the owner of the car in the instant case had exchanged two of the original tires two months prior to the accident. The tire which was involved in the accident was also an original tire and apparently was manufactured in the same series as the exchanged tires. The owner could not recall why he had exchanged the tires. The trial court admitted, over defendant Uniroyal's objection, a Uniroyal claim form that indicated the exchange of the two tires. On cross-ex-

amination of plaintiff's expert witness, Mr. Harm, defendant Uniroyal established that this form showed that the tires were exchanged because of abuse as opposed to manufacturing defects. No other evidence regarding the exchanged tires was produced.

Plaintiff contended in closing argument that the exchanged tires must have had manufacturing defects, because otherwise defendant Uniroyal would not have made the exchange (which involved pro-rating the value of the used tires). Plaintiff argued that this inference arose from the fact that defendant Uniroyal was in the business of selling tires for profit and thus would not have made the exchange if defendant Uniroyal were not responsible for some defect in the tires. We regard this argument as being speculative and unsupported by the evidence. It was, therefore, improper. Defendant Uniroyal is not entitled to reversal, however.

*Koepel v St Joseph Hospital,* 381 Mich 440; 163 NW2d 222 (1968), held that defense counsel did not preserve for review the question of whether the impact of remarks by plaintiff in closing argument would constitute error requiring reversal where he merely objected to the remarks without making either the motion for mistrial or request for corrective instruction, the denial of which is a prerequisite to the right of appellate review.

Any alleged prejudicial effect of the argument in question was further eliminated by the trial court's instruction to the jury that: "Arguments, statements, and remarks of attorneys are not evidence, and you should disregard anything said by an attorney which is not supported by the evi-

dence or by your own general knowledge and experience." See, *e.g., Dalm v Bryant Paper Co,* 157 Mich 550; 122 NW 257 (1909).

## IV

There is no merit to plaintiff's first two claims on cross-appeal.

The trial court did not err by instructing the jury on contributory negligence. Plaintiff's claim that the trial court erroneously instructed the jury on contributory negligence rests upon the premise that this case went to the jury solely on a theory of breach of implied warranty. This premise is incorrect; the record shows that the jury was also given a theory of negligence to consider. Accordingly, we reject this argument.

The trial court's grant of defendant Uniroyal's motion for directed verdict on the claim of breach of express warranty was proper, since no evidence of an express warranty by defendant Uniroyal was introduced. Even if such a warranty existed, there was no evidence of its content introduced, and so the question of whether it had been breached could not have been resolved by the jury.

## VI

Plaintiff contends that the trial court erred by granting defendant Uniroyal's motion for directed verdict as to plaintiff's claim of breach of a duty to warn. As in *Thorp v Dayton Tire & Rubber Co,* 51 Mich App 514, 524; 215 NW2d 600 (1974), if the accident occurred because of defective manufacture, the manufacturer is liable whether a warning is given or not, and no instruction on a duty to

warn theory is necessary. On appeal, plaintiff does not state exactly what type of warning should have been given, but we are satisfied that plaintiff's awareness of the danger of tire weakness resulting from abuse as opposed to defective manufacture was sufficiently demonstrated on the record so that the trial court could conclude that any warning of danger due to abuse would have been ineffective. *Id.,* 525.

## VII

Plaintiff's final contention on cross-appeal is that the trial court erred by ruling that evidence of plaintiff's lost profits was inadmissible as being too speculative for consideration by the jury.

While some cases hold that evidence of a decline in profits from a business may be admitted as bearing on a tort victim's damages, *Hart v Village of New Haven,* 130 Mich 181, 183, 186; 89 NW 677 (1902), such evidence should not be admitted where the lost profits are remote, contingent or speculative. *Allison, supra.* It is not proper to consider the lost profits as the measure of damages. *Hunter v Baldwin,* 268 Mich 106, 111; 255 NW 431 (1934).

During the course of the trial, defendant Uniroyal moved to exclude evidence of lost profits from the service station operated by plaintiff. The trial court granted the motion but allowed plaintiff to make an offer of proof on a separate record. According to that record, plaintiff sought to admit as evidence the amount of profits derived from the operation of the service station in the years following the accident. By comparing this figure with the amount of profits prior to the accident, plaintiff

purported to establish damages sustained as a result of the accident. Plaintiff contended that the amount in question was not really lost profits but constituted his own lost income.

The defect in plaintiff's position is that plaintiff sought to admit the amount of profit as shown on his annual income tax returns, but wanted those figures admitted as isolated amounts. Plaintiff claimed that the other information on the tax returns was "privileged". Apparently the pre-accident returns showed profits of over $9,000 while the profits in various post-accident years appears to have varied from approximately $5,500 to $7,-500. The record shows that, while profits were down, gross receipts of the station were up. Furthermore, plaintiff testified that the amount of profits, which corresponded to his personal income, consisted of whatever he decided he needed for his personal use each week. He had no regular "wage" which he paid himself. Our review of the special record convinces us that any connection between plaintiff's accident and the drop in income as given in his tax records is, at best, highly speculative. We note that *Allison* and subsequent cases support admission of evidence of lost profits where the fact that the loss results from the tortious conduct of the defendant is certain even though the amount is uncertain. *Story Parchment Co, supra.* In the instant case, the causal link between the loss of profits and the accident is absent, if not affirmatively refuted by the special record.

Affirmed.