ROYAL BARBER v. WILLIAM E. STONE.

*Landlord and tenant—Non-payment of part of rent—Summary proceedings.*

1. The fact that rent is payable in advance does not make the actual use of the leased premises any the less the consideration for such payment.

2. How. Stat. § 8295, which provides for the recovery by summary proceedings of leased premises for non-payment of rent, does not authorize the commencement of such proceedings before the rent paid has been fully earned.

3. A lease provided for the payment of rent in monthly installments in advance. The tenant was in arrears for a portion of a month's rent, and failed to pay the rent for the succeeding month when due. The landlord served the tenant with notice to quit, and on the same day accepted from him a sum of money sufficient to pay the rent which had been earned and a portion of the installment due for the succeeding month. After the expiration of the time limited in the notice for the payment of the rent, and before the portion of the advance installment paid had been fully earned, the landlord instituted summary proceedings to recover the leased premises. And it is held that it is inconsistent for the landlord to assert a forfeiture and termination of the lease by said notice and action, and at the same time take and retain money, his only right to which is predicated upon the continuance of the tenant's right to occupy under the lease, and a judgment in favor of the tenant is affirmed.

Error to Hillsdale. (Lane, J.) Submitted on briefs January 23, 1895. Decided February 12, 1895.

Summary proceedings to recover the possession of leased premises for non-payment of rent. Complainant brings error. Affirmed. The facts are stated in the opinion.

*William C. Chadwick,* for appellant.

*James T. Chestnut,* for defendant.

HOOKER, J. The complainant leased the premises in controversy to the defendant, the rent being payable monthly in advance on the 1st day of each month. On September 1, 1892, the rent was not paid, and there was also a dispute of $4.50, which the circuit judge has determined to have been due and unpaid for back rent. The sum of $11.50 was therefore due and payable on September 1. On September 2, the complainant served the statutory notice to quit or pay the rent, and on the same day he was paid and received the sum of $8.50. It is apparent that this paid the back rent, and left $4 to be applied upon the month of September, then just commenced. At the expiration of seven days summary proceedings were commenced before a circuit court commissioner to recover possession upon the ground of non-payment of rent.

The defense contends that at this time no rent was earned by the complainant, as the $4 paid the rent for four-sevenths of the month of September, and that while the complainant had a right to require payment of rent in advance, according to the terms of the lease, and to declare the lease forfeited if not paid, he could not receive a part of the rent for the succeeding month, and then enforce the forfeiture which he had declared by his notice.

The fact that rent was payable in advance does not make the actual use of the premises any the less the consideration for the payment. The landlord, by receiving

the monthly payment, recognizes the right of his tenant to occupy for the succeeding month. He is under no obligation to receive less than the monthly payment. What excuse is there for his doing so, unless he expects to give something in return? By the terms of the lease, a failure to pay rent gives an immediate right of re-entry without recourse to legal proceedings. *Pendill v. Mining Co.*, 64 Mich. 179. But if the landlord receives a portion of such rent, although not in full compliance with the terms of the lease, may he still re-enter, claiming the forfeiture, and at the same time retain money, the only consideration for which is future occupation? In such case we think that the receipt of the money is a recognition of the right to occupy the premises for the period which such sum would cover, to say the least, and we do not see how the case is different where the payment is made after notice, except as to amounts actually earned. The statute permits notice only when rent is due by the terms of the lease. We cannot believe that it was the intention of the Legislature to provide for an ouster during the period for which rent has already been paid. Parties may agree that successive payments of rent shall be made before the preceding payments are fully earned, but, in our opinion, this act (How. Stat. § 8295) would not justify the commencement of proceedings before the rent actually paid was fully earned. For that period the tenant should have a right to stay, and it is to be presumed that at its expiration he would yield possession without litigation, if in duty bound to do so. It is inconsistent for a landlord to assert a forfeiture and termination of a lease, which he does by his notice and action, and at the same time take and retain money, his only right to which is predicated upon the continuance of the tenant's right to occupy under the lease. Our attention has not

been called to a case which decides the exact point in controversy, but we think the principle is recognized by many of the cases cited by counsel.[1]

In our opinion, the judgment of the circuit court should be affirmed, and it will therefore be so ordered.

The other Justices concurred.

———

[1] Counsel cited *Bleecker v. Smith*, 13 Wend. 530; *Prindle v. Anderson*, 19 Id. 391; *Jackson v. Allen*, 3 Cow. 220; *Jackson v. Sheldon*, 5 Id. 448; *Camp v. Pulver*, 5 Barb. 97; *Hunter v. Osterhoudt*, 11 Id. 33; *Conway v. Starkweather*, 1 Denio, 113; *Camp v. Scott*, 47 Conn. 366; *Richburg v. Bartley*, Busb. (N. C.) 418; *Gomber v. Hackett*, 6 Wis. 323.