CHIERA v. McDONALD.

1. Landlord and Tenant — Default in Rent — Summary Proceedings — Acceptance of Rent Pending Suit — Waiver.

Where, after defendant's appeal from the judgment of a commissioner in summary proceedings to recover the possession of land for nonpayment of rent, complainant accepts from defendant a payment to "apply on account of rent," he does not thereby waive the right to prosecute the suit, if the amount paid is less than that due at its commencement.

2. Same.

Nor does complainant waive any rights by accepting, pending the suit, payments upon the current rent, where such payments were permitted defendant, as a matter of grace, as a condition to the court's staying an order dismissing the appeal for failure to file a sufficient bond.

Error to Wayne; Hosmer, J. Submitted June 22, 1899. Decided July 11, 1899.

Summary proceedings by Gabriel Chiera against John H. McDonald to recover the possession of land. From a judgment for complainant on verdict directed by the court, defendant brings error. Affirmed.

*Edward S. Grece* and *T. E. Tarsney*, for appellant.

*F. J. Cochran* (*Alex. D. Fowler*, of counsel), for appellee.

Montgomery, J. This is a summary proceeding to recover possession of lands for nonpayment of rent. The proceeding was brought before a circuit court commissioner. Complainant recovered, and defendant appealed. At the time of the hearing before the commissioner, the sum of $300 rent was due. After the appeal was made, the complainant made a motion for a new bond, based upon a showing that the sureties on the bond first filed

were insufficient. An order *nisi* dismissing the appeal was made, with a condition for a new bond. From time to time the order was stayed, on defendant's motion, on condition that defendant pay into court certain sums as rent; the amount of these payments aggregating $675. There had also been paid, November 12, 1897, before these orders were made, $100, to apply on account of rent. There remained due and unpaid at the date of the hearing the sum of $740. The circuit judge directed a verdict for the complainant, and defendant brings error.

The contention is that complainant has waived the default of defendant by subsequent acceptance of rent. The first payment of $100 was not applied, when made, on rent accruing after the default, and the court properly applied it to rent first accruing. As to payments made by order of the court, it is clear that these payments were permitted, and the time extended, as a matter of grace. It is clear that neither party intended that the receipt of the rent, under these circumstances, should be treated as a waiver of any right which complainant had.

Judgment affirmed, with costs.

The other Justices concurred.