BERRIEN COUNTY FRUIT EXCHANGE, INC., *v.* PALLAS.

1. CORPORATIONS—SUCCESSORS—BILL OF SALE—LEASE—OPTION TO PURCHASE.

Provision of bill of sale executed by nonprofit corporation to its successor cooperative-plan corporation that predecessor did "grant and convey * * * all of the assets, regardless of whether they are included in the statement or not * * * and is to pay all liabilities of any kind or description whatever" was broad enough to cover such predecessor's lease and option to purchase contained therein.

2. LANDLORD AND TENANT—NOTICE OF ASSIGNMENT OF LEASE—EVIDENCE.

Defendant husband, one of grantees of lessor's interest in realty, had actual notice of assignment of lease from lessee to plaintiff where it appears he received plaintiff's monthly check for rent, testified he was told the building belonged to it and saw its sign in front of the building.

3. SAME—SPECIFIC PERFORMANCE—OPTION TO PURCHASE—SUCCESSOR CORPORATION—SUBTENANCY.

In suit for specific performance of option to purchase, evidence showing that directors of lessee nonprofit corporation adopted a resolution to reorganize the corporation, that the members signed reorganization agreement and substantially the same members of the lessee incorporated the plaintiff and accepted stock therein for stock in the lessee, considered together with lessee's bill of sale transferring all assets to the plaintiff corporation, organized on cooperative plan, indicated plaintiff was intended to be lessee's successor, not its subtenant, especially where plaintiff thereafter paid the rent and the lessee's existence was continued only for the purpose of winding up its affairs.

4. SAME—ASSIGNMENT OF LEASE—OPTION TO PURCHASE.

A lease of realty with clause forbidding assignment by lessee stricken out but containing an option to purchase is assignable.

No tender is necessary if it would be refused, see 2 Restatement, Contracts, § 375, comment b.

5. JUDGMENT—SUMMARY PROCEEDINGS—RES JUDICATA—SUBSEQUENT ACCEPTANCE OF JUDGMENT PRINCIPAL AND RENT.
The effect of an adjudication and order for possession which had been obtained in summary proceedings by landlord against his tenant was eliminated by the action of the landlord in accepting the amount found due without the costs and by subsequent acceptance of rent for over a year.

6. SPECIFIC PERFORMANCE—LESSEE'S OPTION TO PURCHASE—TENDER.
In tenant's suit against landlords for specific performance of option to purchase, the landlords may not rely on the tenant's failure to make legal tender of the purchase price named in the lease where pleadings and evidence establish they denied the tenant's right to tender and would have refused to convey even if a sufficient tender had been made.

Appeal from Berrien; Evans (Fremont), J. Submitted January 2, 1946. (Docket No. 53, Calendar No. 43,162.) Decided March 5, 1946.

Bill by Berrien County Fruit Exchange, Inc., a Michigan corporation, against Otto Pallas and wife for specific performance of an agreement to sell real estate. Decree for plaintiff. Defendants appeal. Affirmed.

*Arthur E. Leckner,* for plaintiff.

*Charles W. Gore,* for defendants.

REID, J. The bill of complaint in this case was filed for specific performance of a contract for sale of real estate, which contract for sale was contained in a written lease. From a decree for plaintiff, the defendants appeal.

On May 25, 1934, the St. Joseph Michigan Fruit Association, a Michigan nonprofit corporation, of Stevensville, Michigan, hereinafter spoken of as the association, entered into a 5-year lease with James J. Kostka, Jr., and wife, of a two-story store

building in Stevensville, with privilege of renewal for an additional 5 years on the same terms and conditions. The total rent for 5 years, $3,000, was payable in instalments of $50 per month. The lease contained the following covenant:

"The said parties of the first part hereby ·expressly grant to the said party of the second part an option to purchase the premises herein leased for a price not exceeding $6,500, said option to be exercised during the term of this lease, and notice of exercising said option shall be given by the said second party to said first parties at least 30 days before the end of the term of this lease."

Shortly thereafter, on June 4, 1934, the Kostkas sold, assigned and transferred their interest in the lease to defendants Otto and Minnie Pallas, husband and wife, the assignment reciting, "they to have all benefits thereof and to abide by its terms and provisions." Upon receiving the lease on or about May 25, 1934, the association immediately went into possession and paid the rent by instalments to Robert Schoenfelder, trustee named in the lease, until about May 1, 1941.

The board of directors of the lessee association in or about September, 1943, passed a resolution, approved in writing by most of the stockholders, to reorganize the corporation under Act No. 327, §§ 98–108, Pub. Acts 1931, as amended by Act No. 327, Pub. Acts 1941 (Comp. Laws Supp. 1945, §§ 10135-99—10135-108, Stat. Ann. 1945 Cum. Supp. §§ 21.99—21.109). The articles of incorporation of the Berrien County Fruit Exchange, Inc., referred to as the exchange, plaintiff appellee herein, were executed and filed, and the new corporation was authorized to do business, May 5, 1941. A bill of sale dated May 2, 1941, which instrument was signed, sealed and delivered in the presence of two witnesses and was

acknowledged before a notary public, was given to the exchange by the association and contained the following:

'"Said association   *   *   *   has bargained, sold and by these presents does grant and convey unto the corporation, its successors and assigns, forever, all of the personal property, goods and chattels of every kind and character, including cash on hand, accounts receivable, good will, franchises and all the assets, tangible and intangible, belonging to the association.

"In consideration of the conveyance of said personal property, the corporation hereby covenants and agrees to and with the association that it will assume and pay all of the liabilities of the association herein listed and will save the association harmless from all loss, costs, damages and expenses by reason thereof.

"The following is a statement of the assets and liabilities of the association. The corporation is to take all of the assets, regardless of whether they are included in the statement or not and is bound by any liabilities, not only contained in the statement but which may be omitted therefrom and is to pay all liabilities of any kind or description whatever, which may be outstanding against the association."'

We note that in this bill of sale the words, "grant and convey," are used.

Defendants contend this bill of sale does not cover the leasehold interest and option to purchase the real estate. Plaintiff exchange claims the words in the latter paragraph quoted, "the corporation is to take all of the assets, regardless of whether they are included in the statement or not," are sufficient to cover the lease, including the option. The exchange, under the provisions of this conveyance, went into possession of the building in question as tenant in May, 1941, and still continues in possession.

The trial judge recited in his conclusion of law as follows:

"The fact that the lease was not specifically mentioned in the agreement of transfer is not controlling. The language of the agreement, so-called bill of sale, that the transferee was to take 'all of the assets, regardless of whether or not they are included in the statement,' was broad enough to carry the lease and its option to purchase."

We agree with that conclusion of the trial court.

Defendants claim they were entitled to notice under the lease, which claim the plaintiff controverts.

Defendant Otto Pallas had actual notice of the assignment to the exchange because he received the check of the exchange every month for the rent, except for the period during which the payments were paid into court to satisfy a judgment against defendants, and testified that he was told that the building belonged to the exchange and that he saw the exchange sign in front of the building.

Plaintiff exchange claims to be the successor corporation to the association, which claim the defendants dispute. We consider that the resolution adopted by the directors of the association, the reorganization agreement signed by the members, and the fact that substantially the same members of the association incorporated the exchange and accepted stock in the exchange for stock in the association, considered together with the bill of sale to the exchange, indicate that the exchange was the corporation intended by the members of the association to be the association's successor.

Defendants claim that the fact that the association continued to occupy the premises is conclusive evidence that the exchange had no relationship to the possession but that of a subtenant, and that therefore the exchange was not entitled as tenant to ex-

ercise the option.  However, the exchange and not
the association paid the rent after May, 1941, and
the claim of subtenancy is not mentioned in the
claim of appeal, and is not shown to have been
argued before the trial court.  The association re-
mained in existence in name only after giving the
bill of sale, and that just for the purpose of winding
up its business.

Attorney Leckner testified as a, witness as fol-
lows:

"*Q.*   Now, the St. Joseph Fruit Association con-
tinued to exist, didn't it, after this bill of sale, after
exhibit 6 was executed?

"*A.*   Continued to exist in name only just for the
purpose of winding up its affairs.

"*Q.*   Where did it have its office after the new
corporation was formed?

"*A.*   For all intents and purposes the office was
at the same place as the Berrien County Fruit Ex-
change in Stevensville.

"*Q.*   There was some business to perform in clos-
ing up the old company?

"*A.*   That is possible.

"*Q.*   They were occupying these premises  *  *  *
after what   *   *   *   (you) claim (is) a bill of sale
of this lease?

"*A.*   No.

"*Q.*   You know that this corporation, the St.
Joseph Michigan Fruit Association, continued to
exist until October 12, 1942, don't you?

"*A.*   So far as the records of the State are con-
cerned it was still in existence.

"*Q.*   So far as the records of the State are con-
cerned, it maintained its office in this building in
question?

"*A.*   That is right."

We conclude the exchange was the tenant after
May 2, 1941.

That part of the printed form of the lease forbidding assignment was stricken out of the lease before it was executed. The lease with clause forbidding assignment stricken out but containing an option to purchase was assignable. See *Craig* v. *Crossman,* 209 Mich. 462, 480, and *Gustin* v. *Union School District of Bay City,* 94 Mich. 502 (34 Am. St. Rep. 361), which cases are cited by plaintiff.

A dispute arose over repairs to the roof, the bill for which, $188, was paid by the tenant, the exchange, who then sought to deduct this amount from the rent. A summary proceeding was had before a circuit court commissioner, who determined that the tenant had not the right to deduct this amount, and gave judgment for possession. The tenant, the exchange, mailed the defendants a check for $188, the amount found by the circuit court commissioner, but failed to include costs. A dispute arose between the parties as to whether the provisions of the statute regarding payment of the amount found were complied with.* In any event, the tenant paid rent thereafter, which was accepted by the landlord without question for over one year. The effect of adjudication and order for possession was eliminated by the action of defendants.

Plaintiff gave notice to defendants of its exercise of the option more than 30 days before the end of the term of the lease. Defendant Otto Pallas testified he did not go to the place and at the time designated by plaintiff for the payment of the $6,500 and delivery of the deed because he did not have the place for sale.

Defendants' claim there was no legal tender of the $6,500, the price named in the option clause in

---

* See 3 Comp. Laws 1929, § 14988, as amended by Act No. 122, Pub. Acts 1933 (Comp. Laws Supp. 1940, § 14988, Stat. Ann. § 27.1999).—Reporter.

the lease.  The trial court found, "defendants cannot rely on such failure, because their pleadings and their evidence establish that they denied plaintiff's right to tender and would have refused to convey even if sufficient tender had been made," with which finding we are in accord.

We have examined the other questions raised by defendants and find them without merit.

The decree appealed from is affirmed.  Costs to plaintiff.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, NORTH, and STARR, JJ., concurred.