**514**

T. D. JOWELL, Appellant,

v.

T. B. PEARSALL et ux., Appellees.

No. 7167.

Court of Civil Appeals of Texas.

Texarkana.

Dec. 22, 1959.

Rehearing Denied Jan. 12, 1960.

M. M. Guinn, Rusk, for appellant.

Norman, Rounsaville & Hassell, Jacksonville, for appellees.

DAVIS, Justice.

This suit was brought by T. B. Pearsall and wife against T. D. Jowell for past due rents and to forfeit a farm lease. Pearsalls also asked for a foreclosure of their landlord's lien and that Jowell's option to purchase the property be forfeited. In a trial before the District Court of Cherokee County, the trial court rendered judgment forfeiting the lease and gave the Pearsalls a judgment for the rents. He also gave judgment for foreclosure of the landlord's lien and cancelled the right to purchase the farm. Jowell excepted and has perfected his appeal to this court, and brings forward six points of error.

From the testimony in the case and the trial court's judgment, we can see very little difference in the opinions of the parties. The appellant in his pleadings alleged that he had made approximately $5,000 improvements upon the leased premises but his testimony on this issue is scarce indeed. He did not deny that he was supposed to pay the past due rents prior to the time the lease terminated, but he did contend that he was to pay $35 per week on the lease from in June 1957, and was to pay the balance on the lease before it terminated. The lease went into effect on January 1, 1955, and terminates on January 1, 1960. The annual rental on the farm was $2500 per year and was payable quarterly. Appellant got behind in his payments in 1956 and was badly behind by June 1957. The lease carried a provision for forfeiture for non-payment of rents but appellees let the payments go by without forfeiting the lease exactly on the date that the lease money became due and permitted appellant to stay on the premises and pay the $35 per week on the past due rents.

In the fall of 1958, a person approached Mr. Pearsall with a proposition to buy the property at a price in excess of $31,500.00. He went immediately to appellant and told him of the offer and asked him if he would be interested in buying the property at that price because appellees were willing to sell

at that price. Jowell refused the offer, and Pearsall then demanded a return of the lease. Appellant refused and the suit was filed. This is the complete history as I see it.

By Points 1 through 4, appellant complains of the action of the trial court in terminating and forfeiting the lease on the ground that the appellees (1) had waived any right to forfeit the lease, (2) was estopped to repudiate the oral extension agreement, (3) violating the oral agreement to extend the lease, and (4) in collecting rents on the lease after the alleged forfeiture and their actions amounted to a confirmation of the original terms of the lease. We are unable to agree with appellant and find that a partial payment of past due rents in no way created the forfeiture alleged by the oral agreement. As a matter of fact, it seems that the trial court did not believe the testimony relative to the oral agreement or did not consider the same as there was no pleading to justify the admission of such evidence. It seems that under the facts in the case that the facts and the law were with the appellees. McCray v. Kelly, Tex.Civ.App., 130 S.W.2d 458, wr. dis., judgm. cor.; Chiera v. McDonald, 121 Mich. 54, 79 N.W. 908; 109 A.L.R. 1284 and 1285. Points 1 through 4 are overruled.

By points 5 and 6 appellant complains of the action of the trial court in rendering judgment against him because the court did not give him additional time in which to pay arrearage of rents and in rendering judgment against him for more than $2480 which was the amount due at the time suit was filed. We think the pleadings and evidence admitted in the trial were sufficient to support the judgment of the trial court. Although the pleadings were not as specific as they could have been, the evidence for additional damages for rents accruing after the suit was filed was tried without objection. This being the case, the trial court, under our present rules of procedure, disposed of all the issues before the court. The points are overruled.

Finding no error in the record, the judgment of the trial court is affirmed.