## ASPEN ENTERPRISES, LTD v BRAY

Docket No. 78936. Submitted July 9, 1985, at Grand Rapids.—Decided December 17, 1985.

Plaintiffs, Aspen Enterprises, Ltd. and Brentwood Mobile Home Park, brought a summary proceeding in district court seeking to terminate the tenancy of defendant, Harold Bray, in the plaintiffs' mobile home park. Defendant asserted several affirmative defenses, and plaintiffs moved for summary judgment based upon both failure to state a valid defense and the absence of any genuine issue of material fact. The district court granted the motion for summary judgment. Defendant appealed to the Kent Circuit Court, which affirmed, George R. Cook, J. Defendant appealed to the Court of Appeals by leave granted. *Held:*

1. Defendant's allegation that plaintiffs were obligated to offer him a one-year lease is without merit. Although the offering of a new one-year-minimum lease is mandatory upon a substantial change in a mobile home park's rules, in this case, where the plaintiffs issued new rules two weeks after giving defendant notice to terminate his tenancy, the offer of a new lease was not required.

2. Defendant submitted rent checks for a period following the notice to quit. The checks were subsequently deposited in an escrow account upon the order of the court. Although the acceptance of rent after efforts to gain possession have been commenced may result in a waiver of a notice to quit, such a waiver is not automatic. Because there is a factual question regarding the intent of the plaintiffs in retaining the checks until ordered to place them in escrow, summary judgment should not have been granted on the basis of no genuine issue of material fact.

3. Defendant's tenancy was month-to-month, terminable at

REFERENCES

Am Jur 2d, Landlord and Tenant §§ 77, 79, 1205 *et seq.*

Am Jur 2d, Mobile Homes, Trailer Parks, and Tourist Camps §§ 1 *et seq.*

Validity of lease or sublease subscribed by one of the parties only. 46 ALR3d 619.

Right of landlord legally entitled to possession to dispossess tenant without legal process. 6 ALR3d 177.

any time. His allegation that his continued compliance with the park rules created an implied contract that he could only be evicted for cause is without merit.

Affirmed in part, reversed in part, and remanded to the district court.

1. LANDLORD AND TENANT — MOBILE HOME PARKS — LEASES.

An operator of a mobile home park must offer each tenant a written one-year-minimum lease; upon a substantial change in circumstances such as a change in ownership or a significant change in park rules a new lease must be offered (MCL 125.1128[1][g]; MSA 19.855[28][1][g]; 1980 AACS, R 125.2005[1]).

2. LANDLORD AND TENANT — NOTICE TO TERMINATE — WAIVER OF NOTICE.

A landlord's acceptance of rent after efforts to gain possession from a tenant have been commenced may result in a waiver of a notice to terminate; waiver is not automatic, however, and would not result from the mere receipt of rent due for a period preceding the notice nor from the payment of rent into court for continued occupancy allowed by the court as a matter of grace.

3. LANDLORD AND TENANT — MONTH-TO-MONTH TENANCY — TENANCY AT WILL.

A month-to-month tenancy is a tenancy at will and is terminable at any time upon giving one month's notice to quit.

*Mohney, Goodrich & Titta, P.C.* (by *Robert D. VanderLaan* and *James L. Schipper*), for plaintiffs.

Legal Aid of Western Michigan (by *Michael Nelson*), for defendant on appeal.

Before: WAHLS, P.J., and ALLEN and J. C. RAV-ITZ,* JJ.

PER CURIAM. On May 3, 1983, plaintiffs commenced a summary proceeding in district court seeking possession of the mobile home site occupied by defendant. By way of affirmative defenses, defendant asserted that (1) he was entitled to a

---

* Recorder's court judge, sitting on the Court of Appeals by assignment.

one-year lease pursuant to the Mobile Home Commission Act, MCL 125.1101 *et seq.;* MSA 19.855(1) *et seq.,* and rules promulgated thereunder, (2) plaintiffs' attempt to terminate his tenancy was motivated primarily in retaliation for his lawful acts arising out of the tenancy, (3) plaintiffs waived termination of his tenancy by accepting rent for a period beyond expiration of the notice to quit, and (4) in light of the fact that plaintiffs have promulgated numerous rules and regulations governing tenants in the mobile home park, his compliance with these rules constitutes an implied contract that he will not be evicted without reason, so long as he remains in compliance. Plaintiffs moved for summary judgment pursuant to DCR 117.2(2) and (3). The district court granted the motion as to affirmative defenses (1), (3) and (4). On defendant's appeal, the circuit court affirmed. Defendant appeals to this Court by leave granted.

I

The Mobile Home Commission Act requires that a written lease be offered to mobile home park tenants. MCL 125.1128(1)(g); MSA 19.855(28)(1)(g). The Mobile Home Commission has ruled that a minimum one-year lease be offered for each mobile home site. 1980 AACS, R 125.2005(1). A Mobile Home Commission declaratory ruling, which defendant has provided for our consideration, requires that a new lease be offered upon "a substantial change of circumstances such as, but not limited to, a change in ownership or a significant change in park rules".

Plaintiffs sent notice to terminate defendant's tenancy on March 16, 1983. Plaintiffs published a revised set of mobile home park rules on or about April 1, 1983. Had plaintiffs then offered defen-

dant a one-year lease, the offer would have waived the notice to terminate. We find no merit in defendant's argument that the lease had to be offered under these circumstances. We conclude that defendant failed to state a valid defense.

II

The March 16, 1983, notice to terminate gave defendant one month to quit, until April 15, 1983. Defendant nevertheless submitted a check for April rent, which plaintiffs returned. On May 4, 1983, the day after plaintiffs commenced summary proceedings, defendant submitted checks for April and May rent. Plaintiffs retained these checks until the summary hearing was held on May 13, 1983. At that time, the district court ordered that the checks be deposited in an escrow account.

Defendant argues that, by retaining the checks, plaintiffs waived the notice to terminate. Defendant goes on to assert that acceptance is the receipt of a thing with the intention to retain it. He contends that, in this case, there is at least a factual question as to plaintiffs' intent in retaining the rent checks, so that summary judgment should not have been entered.

It is clear that, on a review of the pleadings alone pursuant to DCR 117.2(2), defendant should have survived summary judgment. Acceptance of rent after efforts to gain possession have been commenced may result in a waiver. *Berrien County Fruit Exchange, Inc v Pallas,* 314 Mich 66; 22 NW2d 74 (1946); *Barber v Stone,* 104 Mich 90; 62 NW 139 (1895); *Park Forest of Blackman v Smith,* 112 Mich App 421; 316 NW2d 442 (1982), *lv den* 420 Mich 853 (1984).

The more difficult question is whether the factual record developed by the parties in the district

court permitted judgment as a matter of law pursuant to DCR 117.2(3). Receipt of rent checks after sending a notice to quit does not automatically constitute waiver. A waiver does not result from the mere receipt of rent due for a period preceding the notice. *Pendill v Union Mining Co,* 64 Mich 172, 179; 31 NW 100 (1887). Payment into court of rent for continued occupancy allowed by the court as a matter of grace clearly should not be treated as a waiver. *Chiera v McDonald,* 121 Mich 54; 79 NW 908 (1899).

In *Park Forest, supra,* this Court stated that, by accepting rental payments for a period of time subsequent to the date specified in the notice to terminate, the landlord leads the tenant to believe that further proceedings regarding the termination of the tenancy are not forthcoming. Of course, the landlord might prevent such a belief by accepting payment with an express reservation of rights under the notice to terminate. In the instant case, plaintiff's counsel alleged in district court that plaintiffs wrote to defendant to explain that their receipt of his payments was not intended as acceptance. Counsel's allegation was not evidence that could properly be considered by the court pursuant to DCR 117.3. The only record evidence of plaintiffs' intent is the fact that, nine days after defendant made the payments, they deposited the checks into an escrow account on order of the district judge.

In *Barber, supra,* p 92, the Supreme Court stated,

"It is inconsistent for a landlord to assert a forfeiture and termination of a lease, which he does by his notice and action, and at the same time take and retain money, his only right to which is predicated upon the continuance of the tenant's right to occupy under the lease."

In other words, at least in those situations where the rent payment includes rent for a future period (as did the May 4 payment for the month of May, in this case), the landlord's retention of that payment, without more, constitutes a waiver of the notice. In this case, the fact that plaintiffs deposited the rent payments into escrow strongly suggests that they did not "take and retain" the money in a manner inconsistent with their termination of the lease. Nevertheless, apart from counsel's oral allegations in the district court, it does not appear of record why the escrow account was opened. If, contrary to counsel's allegations, the escrow account was opened at other than plaintiff's instigation in order to avoid an acceptance, we think acceptance may possibly be found.

We conclude that, upon a review of that record evidence which may be considered under DCR 117.3, a factual question exists whether plaintiffs accepted defendant's late rent payment and whether defendant might have been misled by plaintiff's retention of the checks for more than a week. Accordingly, we reverse and remand the case for further proceedings not inconsistent with this opinion.

## III

Defendant argues by analogy to *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579; 292 NW2d 880 (1980), that the mobile home park rules and regulations have created an implied contract that he would not have his tenancy terminated so long as he complied with the rules. We note that plaintiff had rejected the written leases offered by defendant and was therefore a month-to-month tenant. The general rule is that a month-to-month tenancy is a tenancy at will and

is terminable at any time by giving one month's notice to quit. *Gurunian v Grossman,* 331 Mich 412; 49 NW2d 354 (1951); *Haines v Beach,* 90 Mich 563; 51 NW 644 (1892). In many ways, defendant's tenancy is similar to the indefinite employment contracts considered in *Toussaint.* Assuming *arguendo* that the reasoning of *Toussaint* applies here,[1] we are persuaded that summary judgment was properly granted to plaintiffs pursuant to DCR 117.2(3). Defendant has not alleged that he was expressly promised that his tenancy would not be terminated except for "cause". Nor does he point to any language in the park rules which state that termination will only be for cause. Defendant's apparent argument, that the mere existence of the rules creates a question of fact for the jury, if accepted, would extend the *Toussaint* rationale farther than justified by our case law. Under analogous circumstances in an employment context, this Court upheld summary judgment. *Schwartz v Michigan Sugar Co,* 106 Mich App 471; 308 NW2d 459 (1981), *lv den* 414 Mich 870 (1982). We likewise affirm the summary judgment here.

Affirmed in part, reversed in part and remanded to the district court.

[1] We are aware that in a case very similar to the one at bar, the Appellate Court of Illinois, Second District, looked to the Uniform Residential Landlord and Tenant Act, although it had not been adopted in Illinois, and noted approvingly the act's definition of "Rental Agreement" as including rules and regulations. *Seidelman v Kouvavus,* 57 Ill App 3d 350; 14 Ill Dec 922; 373 NE2d 53 (1978). The case thus lends support to defendant's argument that the *Toussaint* rationale can be applied to mobile home month-to-month leases. Nevertheless, under facts similar to this case, the *Seidelman* Court concluded that it could not imply a covenant not to terminate except for noncompliance with the park rules.