DEROSHIA v UNION TERMINAL PIERS

Docket No. 84309. Submitted February 13, 1986, at Grand Rapids. Decided May 19, 1986.

Plaintiff, Louis Deroshia, operated a restaurant on property leased from defendant, Union Terminal Piers. The lease was renewed for five years and expired on June 10, 1983. On March 11, 1983, defendant notified plaintiff that the lease would not be renewed. At the expiration date, plaintiff did not vacate the premises. On June 16, 1983, defendant took possession of the premises, entering after the business was closed and changing the locks. Plaintiff brought an action against defendant in the Mackinac Circuit Court for damages for unlawful interference with plaintiff's possessory interest. The court, Lowell R. Ulrich, J., granted a judgment of dismissal after the presentation of plaintiff's proofs, holding that the lease had expired and that plaintiff had no lawful possessory interest and was not entitled to damages under the antilockout law. Plaintiff appealed. *Held:*

1. Self-help is not available to dispossess a tenant who is wrongfully in possession and has not abandoned or voluntarily surrendered the premises.

2. The circuit court has jurisdiction to determine whether a holdover tenant was lawfully in possession of a premises in a suit for damages under the antilockout law.

3. While under the antilockout law an unlawfully dispossessed tenant may recover actual damages suffered as a result of the landlord's use of self-help, a holdover tenant not in lawful possession may not recover lost profits as an element of damages.

4. On remand, the court should determine the actual damage suffered as a result of defendant's use or self-help and whether

REFERENCES

Am Jur 2d, Landlord and Tenant §§ 1115-1136, 1246.

What constitutes willfulness or malice justifying landlord's collection of statutory multiple damages for tenant's wrongful retention of possession. 7 ALR4th 589.

Right of landlord legally entitled to possession to dispossess tenant without legal process. 6 ALR3d 177.

Measure of damages for tenant's failure to surrender possession of rented premises. 32 ALR2d 582.

or not the eviction was forceful. If so, the damages should be trebled.

Reversed and remanded.

1. LANDLORD AND TENANT — REMEDIES — SELF-HELP.

Self-help is not available to dispossess a tenant who is wrongfully in possession and has not abandoned or voluntarily surrendered the premises (MCL 600.2918, 600.5701 *et seq.;* MSA 27A.2918, 27A.5701 *et seq.*).

2. LANDLORD AND TENANT — CIRCUIT COURTS — JURISDICTION — ANTILOCKOUT STATUTE.

The circuit court has jurisdiction to determine whether a holdover tenant was lawfully in possession of a premises in a suit for damages under the antilockout law (MCL 600.2918, 600.5701 *et seq.;* MSA 27A.2918, 27A.5701 *et seq.*).

3. LANDLORD AND TENANT — UNLAWFUL DISPOSSESSION — ANTILOCKOUT STATUTE — DAMAGES — LOST PROFITS.

A holdover tenant not in lawful possession of a premises may not recover lost profits as an element of damages for unlawful dispossession under the antilockout law (MCL 600.2918; MSA 27A.2918.)

4. LANDLORD AND TENANT — ANTILOCKOUT STATUTE — DAMAGES.

A tenant who is forcibly and unlawfully evicted may recover three times his actual damages under the antilockout statute (MCL 600.2918; MSA 27A.2918).

*Lyon & Hackett* (by *Jeffery T. Lyon*), for plaintiff.

*John Lambros, P.C.* (by *John Lambros*), for defendant.

Before: D. E. HOLBROOK, JR., P.J., and SHEPHERD and D. A. ROBERSON,* JJ.

SHEPHERD, J. Plaintiff tenant, Louis Deroshia, seeks damages under Michigan's antilockout law for defendant landlord's allegedly unlawful interference with his possessory interest in certain

---

* Recorder's court judge, sitting on the Court of Appeals by assignment.

commercial premises on Mackinac Island. The circuit court granted defendant's motion to dismiss made after the presentation of plaintiff's evidence based on its finding that the lease had expired and thus plaintiff did not have lawful possession at the time defendant entered the property. The court concluded that the antilockout law (MCL 600.2918; MSA 27A.2918) did not abrogate a landlord's common-law self-help remedy to recover possession of property from a holdover tenant. We hold that under the antilockout law self-help is generally not available to dispossess a tenant who is wrongfully in possession and has not abandoned or voluntarily surrendered the premises. Rather, a landlord must resort to judicial process to recover possession. Accordingly we reverse and remand for a determination of damages.

Plaintiff was formerly the owner of the Horse and Buggy Drive-In restaurant located on Mackinac Island upon property leased from defendant. In 1968, the parties entered into a ten-year lease of the subject premises. In 1978, plaintiff exercised his option to renew the lease for an additional five years with termination set for June 10, 1983. The parties discussed renewing the lease in the fall of 1982 but no agreement was reached. On March 11, 1983, defendant sent plaintiff a letter informing him that the lease would not be renewed. On June 10, 1983, the date the lease was to terminate, plaintiff remained on the property, contending that defendant had failed to properly terminate the lease. In plaintiff's view, the lease was a year-to-year lease which entitled plaintiff to a one-year notice of defendant's intent to terminate the leasehold. On June 16, 1983, defendant resorted to self-help to gain repossession of the property. Defendant's president and several others entered the premises while the business was closed and re-

placed the locks on the building. Plaintiff commenced this suit the following day.

I

The sole issue raised by the parties in the briefs on appeal is whether a landlord may resort to self-help in the form of changing the locks on the leased premises to gain repossession and evict a holdover tenant.

At common law a landlord could use reasonably necessary force to remove a holdover tenant or other unauthorized occupant of his land. See Practice Commentary to MCLA 600.2918. However, this rule was very early modified by statute to prohibit *forceful* entry by the landlord, in the interest of protecting the peace. The forcible entry and detainer statute has remained unchanged in substance and is incorporated as subsection (1) of the present antilockout law, MCL 600.2918; MSA 27A.2918. It provides:

> Sec. 2918(1) Any person who is ejected or put out of any lands or tenements in a forcible and unlawful manner, or being out is afterwards held and kept out, by force, if he prevails, is entitled to recover 3 times the amount of his actual damages or $200.00, whichever is greater, in addition to recovering possession.

The statute was held to prohibit forceful self-help regardless of whether or not the tenant was in rightful possession of the premises. *Gallant v Miles,* 200 Mich 532; 166 NW 1009 (1918).

The statute was amended in 1977 to add a subsection eliminating self-help altogether even where not forceful except in certain narrowly defined circumstances not relevant to this case.

MCL 600.2918(2); MSA 27A.2918(2) provides in pertinent part:

> (2) Any tenant in possession of premises whose possessory interest has been unlawfully interfered with by the owner, lessor, licensor, or their agents shall be entitled to recover the amount of his actual damages or $200.00, whichever is greater, for each occurrence and, where possession has been lost, to recover possession. Unlawful interference with a possessory interest shall include:
>
> *　*　*
>
> (c) A change, alteration, or addition to the locks or other security devices on the property without forthwith providing keys or other unlocking devices to the person in possession.

The addition of this subsection virtually eliminates the self-help remedy in Michigan in favor of judicial process to remove a tenant wrongfully in possession. The new subsection follows the modern trend and, like the former forcible entry and detainer statute, was intended to prevent parties from taking the law into their own hands in circumstances which are likely to result in a breach of peace. The landlord is not permitted to be the judge of his own rights in the adversely held property, but must use the judicial remedy given by law to secure it. See generally Anno: *Right of landlord legally entitled to possession to dispossess tenant without legal process,* 6 ALR3d 177; *Berg v Wiley,* 264 NW2d 145 (Minn, 1978).

To facilitate resort to judicial process, the Legislature has provided a summary procedure in the district court to recover possession of realty, MCL 600.5701 *et seq.;* MSA 27A.5701 *et seq.,* whereby the matter is heard in an expeditious proceeding. See MCL 600.5735; MSA 27A.5735. Under MCL 600.5750; MSA 27A.5750, the landlord is, in addi-

tion to repossession, entitled to damages from the time of demand for possession or notice to quit.

Considered together, these statutory remedies provide a complete answer to the landlord who seeks to remove a tenant in possession who has neither abandoned nor voluntarily surrendered the premises. Contrary to defendant's contention on appeal, we hold that subsection (2) of the anti-lockout statute prohibits a landlord from resorting to self-help even where the landlord is entitled to possession. Instead the landlord must, on refusal of the tenant to surrender the leased premises, resort to judicial process. To discourage self-help, the Legislature has provided that the tenant may recover treble damages for forcible ejectment under subsection (1), and actual damages for other unlawful interference under subsection (2).

II

Because we must reverse the circuit court's dismissal and remand for a determination of damages incurred by plaintiff under MCL 600.2918(2), we will briefly comment on the damages recoverable even though the case came before us on the single issue of whether self-help is available.

Prior to trial, the circuit court ruled in response to plaintiff's motion for summary judgment that damages were only recoverable under the antilockout statute when a tenant was in lawful possession of the subject property at the time he or she was locked out of the premises. Subsequently a bench trial was held on the issue of whether plaintiff was in lawful possession at the time defendant changed the locks and, therefore, whether plaintiff was entitled to damages under the antilockout statute. Plaintiff also presented evidence of damages he had suffered including lost profits, destroyed per-

ishable goods and damaged or destroyed equipment. The trial court granted defendant's motion for dismissal at the conclusion of plaintiff's proofs in the bench trial because it found that plaintiff was unlawfully in possession at the time of his ejectment and, consequently, the court did not reach the damages issue.

Plaintiff suggests in his request for relief on appeal that he is entitled to recover treble his lost profits of approximately $17,000 for each year until the defendant establishes in the *district court* that he was unlawfully holding over. We disagree. The circuit court had the authority to decide whether plaintiff was lawfully in possession or not under the antilockout law and, therefore, plaintiff is not entitled to have the entire matter redetermined in a new proceeding in the district court. MCL 600.2918, quoted above, allows the circuit court to restore possession where the tenant was wrongfully ejected. We do not interpret this section to mandate a restoration of possession where the tenant's possessory rights have expired. The tenant is adequately protected by being able to sue for damages and to require the matter to return to district court would only prolong litigation needlessly since, in district court, the landlord would be entitled to claim damages for the tenant's being in possession beyond the time of demand for possession or notice to quit. MCL 600.5750; MSA 27A.5750.

Moreover, we note that the summary proceeding found at MCL 600.5701 *et seq.;* MSA 27A.5701 *et seq.,* is expressly not exclusive of any other remedy available to the landlord, either legal, equitable or statutory. MCL 600.5740; MSA 27A.5750. On appeal, plaintiff has not briefed the issue of whether he was lawfully in possession or not and, consequently, he has waived any challenge of the circuit

court's finding that he was unlawfully holding over at the time of his ejectment.[1]

As for damages, under the antilockout law a tenant who is unlawfully dispossessed is entitled to recover actual damages suffered as a result of the landlord's use of self-help rather than judicial process. A tenant in lawful possession who is ejected has suffered lost profits and is entitled to their recovery. However, a holdover tenant, as was plaintiff, who is not in lawful possession, cannot be said to have suffered lost profits since the landlord had the right to reenter pursuant to legal process. Thus the holdover tenant's damages are limited to those damages suffered as a direct result of the landlord's use of the improper procedure. Compare *Jordan v Talbot*, 55 Cal 2d 597, 610-611; 12 Cal Rptr 488, 496; 361 P2d 20 (1961) (opinion by Traynor, J.). Damages in the present case might include such items as lost, destroyed or damaged equipment and spoiled perishable goods, as well as extra expenses directly incurred because of the landlord's use of self-help. Under subsection (1) plaintiff is entitled to treble his actual damages if the circuit court determines that he was ejected in "a forcible and unlawful manner." Under subsection (2) plaintiff's actual damages are not trebled where the landlord's interference was merely "unlawful" as defined in that subsection.

Thus on remand the issues remaining to be determined are: 1) the amount of actual damages plaintiff suffered as a result of the landlord's use of self-help rather than judicial process; and 2) whether the eviction was forceful or not and thus whether damages must be trebled.

Reversed and remanded for further proceedings.

---

[1] In any event, we have reviewed the finding of the trial court and find that it was not erroneous.