# STATE OF MICHIGAN

# COURT OF APPEALS

PATRICIA REID PORTER and LINSEY
PORTER CHARITY FUND,

UNPUBLISHED
February 19, 2015

Plaintiffs-Appellants,

and

DOROTHY PERY,

Plaintiff,

v

No. 318917
Wayne Circuit Court

CITY OF HIGHLAND PARK, WILLIAM R.
FORD, SANDY MCDONALD, LORENZO
VEAL, II, POLICE OFFICER WHITE, and
HUBERT YOPP,

LC No. 11-015734-NO

Defendants-Appellees.

Before: MURRAY, P.J., and HOEKSTRA and WILDER, JJ.

PER CURIAM.

Plaintiffs Patricia Reid Porter and Linsey Porter Charity Trust (Charity Trust), appeal as of right the grant of summary disposition in favor of defendants City of Highland Park (the City), William R. Ford, Sandy McDonald, Lorenzo Veal, II, Officer White and Hubert Yopp. For the reasons explained in this opinion, we affirm.

The present dispute arises from plaintiffs' claims that defendants are liable for plaintiffs' loss of personal property stored in a building owned by the City. At one time, Achievable Vision, a business entity owned by A & J Rental Corporation which was in turn owned solely by Reid Porter, rented the building in question from the City, out of which it operated a community center of some sort. On January 27, 2011, the City obtained a judgment against Achievable Visions, requiring the business to vacate the property. The building was not vacated, however, and, on March 1, 2011, the City obtained an order of eviction. Nonetheless, plaintiffs claim that they had property remaining in the building and that they are now entitled to its return.

Specifically, toward the end of 2010, Reid Porter sold many of the business's assets, including furniture and other items, to Kevin Rankin, who is not a party to the present case.

-1-

Rankin intended to continue operating a community center out of the City's building, and, according to Reid Porter, Rankin verbally agreed to allow her to store several items—including folding tables, tablecloths, sewing machines, and decorations—in the building until she could remove them in the spring of 2011. However, following the eviction of Achievable Vision, acting in compliance with a court order, the City had the locks changed. Reid Porter maintains that she and her husband attempted to retrieve property from the building, but were prevented from doing so. Subsequently, the building was the target of break-ins and vandalism, which plaintiffs allege resulted in the loss of their personal property. They maintain as well that the City has made use of their personal property, including tables which Reid Porter asserts she saw in use at a city council meeting.

Plaintiffs filed suit alleging seven counts: (1) breach of MCL 600.2918, (2) common law conversion, (3) statutory conversion under MCL 600.2919a, (4) theft, (5) a 42 USC 1983 claim based on the taking of property without due process of law, (6) "intentional tort," and (7) demand for access to the building and permission to remove plaintiffs' remaining property. The trial court granted summary disposition to defendants in regard to all claims.

On appeal, plaintiffs first assert that the trial court erred in granting summary disposition in favor of defendants on their various state law tort claims. Although plaintiffs focus their arguments on the assertion that defendants were not entitled to governmental immunity, they ignore that the trial court also ruled in favor of defendants premised on plaintiffs' lack of standing to assert certain claims.

This Court reviews the grant or denial of a motion for summary disposition de novo. *Nuculovic v Hill*, 287 Mich App 58, 61; 783 NW2d 124 (2010). Discussing motions for summary disposition filed pursuant to MCR 2.116, this Court explained:

> Subrule (C)(7) permits summary disposition where the claim is barred by an applicable statute of limitations. In reviewing a motion under subrule (C)(7), a court accepts as true the plaintiff's well-pleaded allegations of fact, construing them in the plaintiff's favor. The Court must consider affidavits, pleadings, depositions, admissions, and any other documentary evidence submitted by the parties, to determine whether a genuine issue of material fact exists. These materials are considered only to the extent that they are admissible in evidence.

> A motion for summary disposition under subrule (C)(8) tests the legal sufficiency of the pleadings alone. Where the parties rely on documentary evidence, appellate courts proceed under the standards of review applicable to a motion made under MCR 2.116(C)(10) or (C)(7).

> A motion made under MCR 2.116(C)(10) tests the factual support for a claim, and should be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When the burden of proof at trial would rest on the nonmoving party, the nonmovant may not rest upon mere allegations or denials in the pleadings, but must, by documentary evidence, set forth specific facts showing that there is a genuine issue for trial. But again, such evidence is only considered to the extent that it is admissible. A

genuine issue of material fact exists when the record, drawing all reasonable inferences in favor of the nonmoving party, leaves open an issue upon which reasonable minds could differ. [*Id.* at 61-62 (internal citations omitted).]

Specifically, this Court reviews the applicability of governmental immunity de novo. *Herman v Detroit*, 261 Mich App 141, 143; 680 NW2d 71 (2004).

Our starting point in this case is to discern which of plaintiffs' claims are actually subject to appeal. Plaintiffs alleged seven counts in their complaint. At the hearing on the motion for summary disposition, plaintiffs' counsel withdrew the claim for theft, and then stated that the claim for demand for access to the building would also be withdrawn because that claim had been rendered "moot." We view counsel's voluntary withdrawal of these claims as an intentional abandonment of those issues, which is binding on plaintiffs such that these two claims cannot comprise part of plaintiffs' appeal. See *Braverman v Granger*, 303 Mich App 587, 608-609; 844 NW2d 485 (2014).

We also decline to consider plaintiffs' unspecified claim of "intentional tort." There are numerous intentional torts in Michigan, and plaintiffs make no effort in their complaint to identify which intentional tort or torts they intend to pursue under the heading of "intentional tort." Rather, a review of the complaint demonstrates that this is not a claim for a separate or distinct injury, but an assertion that "defendants' conduct constituted one or more intentional torts for which the defendants are not entitled to governmental immunity. . . ." Hence, the claim is that governmental immunity does not apply and this assertion need not be addressed outside the context of the identified intentional torts asserted by plaintiffs, which are discussed below.

Next, we consider the issue of standing and, alternatively, although not directly raised by the parties or the trial court, a question of whether any of the plaintiffs, in this matter, are real parties in interest. As a general rule, "[t]o have standing, a party must have a legally protected interest that is in jeopardy of being adversely affected." *Barclae v Zarb*, 300 Mich App 455, 483; 834 NW2d 100 (2013) (citation omitted). Thus, the claims asserted must be based on a plaintiff's "own legal rights and interests and cannot rest . . . on the legal rights or interests of third parties." *Id*. (citation omitted). As discussed by this Court in *In re Beatrice Rottenberg Living Trust*, 300 Mich App 339, 355-356; 833 NW2d 384 (2013) (internal citations and quotation marks omitted):

[A]lthough the principle of statutory standing overlaps significantly with the real-party-in-interest rule, they are distinct concepts. The principle of statutory standing is jurisdictional; if a party lacks statutory standing, then the court generally lacks jurisdiction to entertain the proceeding or reach the merits. In contrast, the real-party-in-interest rule is essentially a prudential limitation on a litigant's ability to raise the legal rights of another.

A real party in interest is one who is vested with the right of action on a given claim, although the beneficial interest may be in another. The real-party-in-interest rule requir[es] that the claim be prosecuted by the party who by the substantive law in question owns the claim asserted. . . .

-3-

In this case, first, and foremost, the vast majority of the wrongs asserted by plaintiffs involved the rights of a third party, Kevin Rankin, who is not a participant in this lawsuit.[1] Thus, before this Court may even entertain the arguments pertaining to the entitlement or availability of governmental immunity, we must first clarify what claims or allegations by plaintiffs are even proper or existent. Given our conclusion not to address plaintiffs' claims of theft, "intentional tort" and demand for access, the only remaining state law claims to be addressed are: (a) breach of MCL 600.2918, (b) common law conversion, and (c) statutory conversion.

Considering first the alleged violation of MCL 600.2918, in their complaint, plaintiffs broadly allege wrongdoing by defendants in locking them out of the building and the resultant preclusion of the ability to procure personal belongings located therein. On appeal, however, plaintiffs refer solely to alleged wrongs engaged in by defendants in denying Rankin access to the building and personal property. Thus, on the most basic level, plaintiffs' claim of a violation of MCL 600.2918 violates the general rule that "a party lacks standing to vindicate the . . . rights of a third party." *Moses, Inc v SEMCOG*, 270 Mich App 401, 412; 716 NW2d 278 (2006). This is made even clearer when reviewing the language of the statutory provision. The statute at issue, MCL 600.2918, oftentimes referred to as the "self help statute,"[2] states in relevant part:

> (1) Any person who is ejected or put out of any lands or tenements *in a forcible and unlawful manner, or being out is afterwards held and kept out, by force*, is entitled to recover 3 times the amount of his or her actual damages or $200.00, whichever is greater, in addition to recovering possession.

> (2) Any tenant in possession of premises whose *possessory interest has been unlawfully interfered with by the owner* is entitled to recover the amount of his or her actual damages or $200.00, whichever is greater, for each occurrence and, if possession has been lost, to recover possession. *Subject to subsection (3), unlawful interference with a possessory interest includes 1 or more of the following:*

> (a) Use of force or threat of force.

> (b) Removal, *retention*, or destruction *of personal property of the possessor*.

> (c) *Changing, altering, or adding to the locks or other security devices on the property without immediately providing keys or other unlocking devices to the person in possession.*

---

[1] Rankin is the plaintiff in a separate action (Wayne Circuit Court case no. 11-015733-NO) and appeal to this Court (Docket No. 318385).

[2] MCL 600.2918(1) is structured to prohibit forceful "self-help," and is "intended to prevent parties from taking the law into their own hands in circumstances which are likely to result in a breach of the peace." *Deroshia v Union Terminal Piers*, 151 Mich App 715, 718-719; 391 NW2d 458 (1986).

* * *

(3) An owner's *actions do not unlawfully interfere with a possessory interest if any of the following apply*:

(a) The *owner acts pursuant to court order*.  [Emphasis added.]

Considering this provision, it is plain that plaintiffs lack standing to file suit under MCL 600.2918.  At the outset, the statutory provision deals with landlord and tenant relations and the unlawful interference with possessory interests.  Plaintiffs had no possessory interest as they did not assert or demonstrate that they had any form of lease with the City or ownership rights for the building, and in fact Achievable Visions had been lawfully evicted from the premises.  At best, plaintiffs contend that they had a verbal agreement *with Rankin* to permit their personal items to remain in the building, but they have not shown that the City agreed to any such arrangement.  Based upon the absence of the necessary legal relationship between defendants and plaintiffs, plaintiffs have no enforceable rights under the statutory provision and, therefore, they lack standing to pursue a claim premised on a violation of MCL 600.2918.

Regarding plaintiffs' allegations of conversion, "[c]onversion, both at common law and under the statute, is defined as 'any distinct act of domain wrongfully exerted over another's personal property in denial of or inconsistent with the rights therein.'" *Aroma Wines & Equip, Inc v Columbian Distribution Servs, Inc*, 303 Mich App 441, 447; 844 NW2d 727 (2013), lv gtd 497 Mich 864 (2014) (citation omitted).  Statutory conversion in particular is encompassed by MCL 600.2919a, which provides:

(1) A person damaged as a result of either or both of the following may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney fees:

(a) Another person's stealing or embezzling property or converting property to the other person's own use.

(b) Another person's buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property when the person buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property knew that the property was stolen, embezzled, or converted.

(2) The remedy provided by this section is in addition to any other right or remedy the person may have at law or otherwise.

Initially, plaintiffs' conversion claims are vague and inconsistent.  Often the allegedly converted property identified by plaintiffs belongs to Rankin, a non-party to this action.  Plaintiffs also vaguely assert that defendants or their agents improperly assumed control of personal items belonging to plaintiffs and converted them to their own use.  However, plaintiffs commensurately assert that their personal property was damaged, destroyed or lost due to acts of vandalism by unidentified third parties.  To the extent that plaintiffs assert a claim of conversion with regard to items of personal property owned by Rankin, they lack standing to pursue this

-5-

argument because the property rights involved belong to Rankin, not plaintiffs.  See *Moses, Inc*, 270 Mich App at 412.  With regard to any alleged loss of personal property due to damage by unidentified third parties, plaintiffs have not established a claim for conversion with regard to defendants because any wrongdoing was accomplished by the unidentified third parties and it is well recognized that landowners and merchants have "no duty to . . . anticipate and prevent the criminal acts of third parties."  *Bailey v Schaaf*, 494 Mich 595, 613; 835 NW2d 413 (2013), quoting *MacDonald v PKT, Inc*, 464 Mich 322, 326; 628 NW2d 33 (2001).

Setting aside Rankin's property and the property lost due to actions by third party vandals, this leaves simply the assertion by Reid Porter of the conversion of an unspecified number of tables that belonged to Achievable Visions, which she alleges having observed being used by the city council.  Once again, issues of standing and real party in interest exist as the items alleged to have been converted appear to have belonged to Achievable Visions and not Reid Porter personally.  See *Belle Isle Grill Corp v Detroit*, 256 Mich App 463, 474; 666 NW2d 271 (2003).  Moreover, even if the items belonged to Achievable Visions and/or Reid Porter, plaintiffs cannot show that the City's refusal to allow plaintiffs access to the building constituted an act of dominion that was "wrongfully exerted."  That is, the City formally evicted Achievable Visions from the property and acted with the authority of a court order when it changed the locks to the building.  Plaintiffs point to no authority that would require the City to thereafter permit plaintiffs to access the building or require the City to store plaintiffs' items in the building indefinitely.  Instead, plaintiffs maintain only that they had Rankin's verbal permission to leave items in the building.  But this purported agreement with Rankin offers no reason why the City should have opened the building to plaintiffs or allowed plaintiffs to remove property from the building.  Moreover, given that plaintiffs left the property behind after the eviction of Achievable Visions, we question plaintiffs' claim of loss, and the assertion that the City wrongfully exercised dominion over the personal property, based upon the position taken by the tax attorney for Achievable Visions that the corporation's assets in the building had been "abandoned" and claimed as a business loss for tax purposes.  See generally *Emmons v Easter*, 62 Mich App 226, 237; 233 NW2d 239 (1975) ("Abandonment is composed of two elements, an intention to relinquish the property and an external act putting that intention into effect.").  We know of no authority that would allow plaintiffs to maintain a cause of action for conversion in relation to property they have abandoned.

In sum, we decline to consider plaintiffs' claims of theft, "intentional tort," and demand for access.  Summary disposition was properly granted in regard to plaintiffs' claims of conversion and violation of MCL 600.2918 because plaintiffs lacked standing and/or failed to state a claim for which relief can be granted.  Given our determination that defendants were entitled to summary disposition regarding plaintiffs' state law claims, we need not address plaintiffs' contentions pertaining to defendants' assertions of governmental immunity.[3]

---

[3] The trial court dismissed the action based on both standing and governmental immunity. Although we do not reach the governmental immunity arguments, summary disposition was nonetheless proper and this Court can affirm the trial court's dismissal of claims when it reached

Plaintiffs next contend that defendants were not entitled to summary disposition on their federal law claim under 42 USC 1983 and that the individual defendants were not entitled to qualified immunity in relation to these claims.

A cause of action filed in a state court pursuant to 42 USC 1983 requires this Court to conduct a review of federal law interpreting the federal statute. *Markis v City of Grosse Pointe Park*, 180 Mich App 545, 553; 448 NW2d 352 (1989). Issues asserting the violation of rights under the Fourth and Fourteenth Amendments comprise constitutional questions, which this Court reviews de novo. See *PCS4LESS, LLC v Stockton*, 291 Mich App 672, 677; 806 NW2d 353 (2011). Whether a defendant is entitled to qualified immunity is reviewed de novo. *Morden v Grand Traverse Co*, 275 Mich App 325, 340; 738 NW2d 278 (2007).

Section 1983 "is not itself an independent source of substantive rights; rather it merely provides a remedy for the violation of rights guaranteed by the federal constitution or federal statutes . . . ." *By Lo Oil Co v Dep't of Treasury*, 267 Mich App 19, 30; 703 NW2d 822 (2005). It states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . . [42 USC 1983.]

In order to sustain a cause of action under § 1983, the plaintiff must establish that: (1) the defendant acted under color of state law; (2) the conduct deprived the plaintiff of constitutional rights or a right secured by the laws of the United States; and (3) the deprivation of rights occurred without due process of law. *Mettler Walloon, LLC v Melrose Twp*, 281 Mich App 184, 195; 761 NW2d 293 (2008); *Markis*, 180 Mich App at 553. Thus, "the first step is to identify the exact contours of the underlying right said to have been violated." *Mettler Walloon, LLC*, 281 Mich App at 196 (citation omitted). When a plaintiff fails to sufficiently allege a violation of the federal constitution or a federal statute, the plaintiff has failed to state a claim for which relief may be granted. See *By Lo Oil Co*, 267 Mich App at 30.

In this case, plaintiffs' federal law claim under 42 USC 1983 is meritless. To begin with, plaintiffs assert, for the first time on appeal, a violation of the Summary Proceedings Act, MCL 600.5701 *et seq.*, and they contend defendants are liable based on the lack or deficiency in proper training of its employees. Not only is this aspect of the issue unpreserved, *Kern v Blethen-Coluni*, 240 Mich App 333, 336; 612 NW2d 838 (2000), other than asserting bare allegations, plaintiffs provide no citation to legal authority or factual underpinnings to support their contentions. Further, plaintiffs do not explain how a purported violation of this state statute would establish violation of a *federal* right as required to bring suit under § 1983. See *Mettler*

---

the correct result, albeit for a wrong or unnecessary reason. See *Gleason v Mich Dep't of Transportation*, 256 Mich App 1, 3; 662 NW2d 822 (2003).

*Walloon, LLC*, 281 Mich App at 196. The failure to adequately brief a question on appeal is tantamount to abandoning it. *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959).

In addition, as with many of plaintiffs' claims, it is difficult to discern from the pleadings and appellate brief whether plaintiffs' allegations involve wrongs allegedly incurred against them or Rankin, an individual who was not a party to these proceedings. Plaintiffs often refer to the singular "plaintiff" and "him" or "his," leading this Court to presume they are referring to Rankin. To the extent their claim arises from actions pertaining solely to Rankin's property rights and interests, plaintiffs lack standing. *Moses, Inc*, 270 Mich App at 412.

Most importantly, plaintiffs' claim fails to state a claim for which relief may be granted because they have not asserted an actionable due process claim. Plaintiffs were not tenants of the building and thus, any lock out of them by the City and the individual defendants, was not a violation of due process because plaintiffs had no right to enter the building. In actuality, at best, plaintiffs' assertion of wrongful conduct by defendants comprises simply a state law tort claim of conversion, which is not actionable under 42 USC 1983. See *Baker v McCollan*, 443 US 137, 146; 99 S Ct 2689; 61 L Ed 2d 433 (1979); *Mettler Walloon, LLC*, 281 Mich App at 196. We note as well that, at most, plaintiffs have alleged an isolated incident and not a persistent unconstitutional policy or custom; and an isolated incident of unconstitutional activity is not sufficient to impose liability on a municipality under § 1983. See *Oklahoma City v Tuttle*, 471 US 808, 841; 105 S Ct 2427; 85 L Ed 2d 791 (1985). Likewise, given the presence of a lawfully obtained eviction order against Achievable Visions, plaintiffs have not demonstrated a violation of their due process rights or shown any objectively unreasonable conduct by any of the individual defendants as required to succeed in a § 1983 claim against individual governmental officials. See *Feathers v Aey*, 319 F3d 843, 848 (CA 6 2003). As such, the trial court correctly granted summary disposition in favor of defendants on plaintiffs' § 1983 claim.

Finally, plaintiffs argue that defendants are precluded by res judicata or collateral estoppel from relitigating the findings of the district court of Rankin's action for possession. The applicability of legal doctrines, such as res judicata and collateral estoppel, are reviewed de novo as questions of law. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008). The trial court did not address this issue, meaning it is unpreserved and our review is for plain error affecting plaintiffs' substantial rights. See *Kern*, 240 Mich App at 336.

Plaintiffs have not shown plain error in this case. On the contrary, plaintiffs' argument is incoherent and their position inadequately supported. Thus, we consider the issue abandoned. See *Mitcham*, 355 Mich at 203. Further, plaintiffs did not participate in Rankin's district court action, and their legal rights pertaining to the building are not the same as Rankin's. Rather, the ruling of the district court applied solely to Rankin and it permitted Rankin to retrieve personal items from the building. Given that plaintiffs were not a party to the district court action, and that they have not demonstrated privity with Rankin, the doctrines of res judicata and collateral estoppel are wholly inapplicable. See generally *Sewell v Clean Cut Mgmt, Inc*, 463 Mich 569, 575; 621 NW2d 222 (2001); *Knoblauch v Kenyon*, 163 Mich App 712, 719-720; 415 NW2d 286 (1987).

Affirmed.

/s/ Christopher M. Murray
/s/ Joel P. Hoekstra
/s/ Kurtis T. Wilder