# STATE OF MICHIGAN

# COURT OF APPEALS

LAMAR ANDERSON,

        Plaintiff-Appellant,

v

GREAT LAKES PROPERTY & INVESTMENT
INC., and JASMINE MCMORRIS,

        Defendants-Appellees,

and

2486930 ONTARIO INC., and
GOCH & SON'S TOWING INC.,

        Defendants.

UNPUBLISHED
October 19, 2017

No. 332726
Wayne Circuit Court
LC No. 16-001184-CZ

Before: SHAPIRO, P.J., and HOEKSTRA and M. J. KELLY, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's sua sponte dismissal of his case. We reverse the trial court's decision, and remand for further proceedings on the complaint for damages and motion for injunctive relief.

This case arises from defendants' actions in removing plaintiff and his personal belongings from the rental property, on two occasions, without resort to summary proceedings in the court. In October of 2008, plaintiff entered into a month-to-month tenancy with the property owner, Kathy DeRonne, and resided in the apartment unit thereafter. DeRonne lost the property to a tax foreclosure in 2015. Defendant Ontario, Inc. purchased the property at an annual tax auction in the fall of 2015, and hired defendant Great Lakes to manage the property. After the purchase, defendants sent a letter of ownership to all occupants of the property, including plaintiff, which gave plaintiff 10 days to vacate the property. Thereafter, defendant Great Lakes's sole shareholder, defendant McMorris, came to plaintiff's unit and demanded that he vacate within 3 days. When plaintiff did not vacate the premises, defendants came to the property on January 15, 2016, and removed plaintiff's personal belongings from his unit. After defendants left, plaintiff returned to the property, purchased and installed a new lock on his door, repaired the door, and placed his personal belongings back into his unit. The next day, defendants returned and once again, removed plaintiff's possession from the property.

-1-

Plaintiff filed a six-count complaint against defendants for a violation of the anti-lockout statute, injunctive relief for illegal lockout, conversion, negligent infliction of emotional distress, intentional infliction of emotional distress, and for exemplary damages. Plaintiff also filed an ex-parte motion for a temporary restraining order (TRO) against defendants asking the court to enter an order restoring him to possession or to order defendants to place him in comparable housing, and to enjoin defendant from further interfering with his possessory interest in the property. During the hearing, plaintiff argued that defendants' conduct in removing him from the property, without resort to summary proceedings in the court, violated the anti-lockout statute. Defendants argued that plaintiff did not show them any lease or proof of occupancy of the property. Defendants also argued that they assumed that the property was abandoned because DTE energy and Water Board informed defendant McMorris that there were no services in the property. Plaintiff disputed defendants' contention that there was no electricity in the property claiming that he was current on the utility payments. Defendants also argued that plaintiff had not paid rent for seven months. Plaintiff admitted that he had not paid rent for seven months. He stated that he did not want to pay rent until he was sure who the new owner of the property was as other people had claimed that they were the owners after DeRonne lost the property. In dismissing plaintiff's case, the trial court held as follows:

> Okay. First of all [plaintiff] had the lease agreement with the previous owner, he was told by the previous owner that she was selling it, and then he didn't pay rent for seven months.
>
> The new owners informed him that they was, that he had to move, he didn't move, so at that point, he was a squatter --
>
> * * *
>
> At that point he was a squatter. They were entitled to remove him, they told him he had to move out, hadn't paid rent, he had no lease agreement with them, so.

The trial court also denied plaintiff's motion for reconsideration, without hearing and with no explanation. Plaintiff now appeals the decision.

We hold that the trial court's decision to dismiss plaintiff's complaint was erroneous. Although the trial court's order did not cite any court rule, it is apparent from its decision that it granted summary disposition to defendants pursuant to MCR 2.116(I)(1).[1] MCR 2.116(I)(1) allows a trial court to sua sponte grant summary disposition, *Boulton v Fenton Twp*, 272 Mich App 456, 462-463; 726 NW2d 733 (2006), and provides that "[i]f pleadings show that a party is

---

[1] This Court reviews de novo a trial court's order granting summary disposition. *Wilson v King*, 298 Mich App 378, 381; 827 NW2d 203 (2012). Further, questions of statutory interpretation are reviewed de novo. *Ally Fin, Inc v State Treasurer*, 317 Mich App 316, 323; 894 NW2d 673 (2016).

entitled to judgment as a matter of law, or if the affidavits show that there is no genuine issue of material fact, the court shall render judgment without delay." The rule allows a court to "render judgment without delay" if one of two conditions is met. *Boulton*, 272 Mich App at 463 (quotation marks omitted). "These conditions are: the pleadings show that a party is entitled to judgment as a matter of law and the affidavits or other proofs show that there is no genuine issue of material fact." *Id*. (quotation marks omitted). The first condition cannot be met here as plaintiff's complaint on its face properly states a cause of action, and the trial court did not find otherwise. The second condition cannot be met because in dismissing plaintiff's case, the trial court explicitly or implicitly made findings as to several disputed factual issues that controlled whether and how the lock-out statute should be applied.

The Michigan anti-lockout statute, MCL 600.2918, "virtually eliminates the self-help remedy in Michigan in favor of judicial process to remove a tenant wrongfully in possession." *Deroshia v Union Terminal Piers*, 151 Mich App 715, 719; 391 NW2d 458 (1986). MCL 600.2918 provides in pertinent part as follows:

> (1) Any person who is ejected or put out of any lands or tenements in a forcible and unlawful manner, or being out is afterwards held and kept out, by force, is entitled to recover 3 times the amount of his or her actual damages or $200.00, whichever is greater, in addition to recovering possession.

> (2) Any tenant in possession of premises whose possessory interest has been unlawfully interfered with by the owner is entitled to recover the amount of his or her actual damages or $200.00, which is greater, for each occurrence and, if possession has been lost, to recover possession. Subject to subsection (3), unlawful interference with a possessory interest includes 1 or more of the following:

> (a) Use of force or threat of force.

> (b) Removal, retention, or destruction of personal property of the possessor.

> (c) Changing, altering, or adding to the locks or other security devices on the property without immediately providing keys or other unlocking devices to the person in possession.

> (d) Boarding of the premises that prevents or deters entry.

> (e) Removal of doors, windows, or locks.

> (f) Causing, by action or omission, the termination or interruption of service procured by the tenant or that the landlord is under an existing duty to furnish, which service is so essential that its termination or interruption would constitute constructive eviction, including heat, running water, hot water, electric, or gas service.

-3-

(g) Introduction of noise, odor, or other nuisance.

The statute prohibits "forceful self-help regardless of whether or not the tenant was in rightful possession of the premises," and eliminates "self-help altogether even where not forceful except in certain narrowly defined circumstances. . . ." *Deroshia*, 151 Mich App at 718.

We hold that genuine issues of material facts exist as to plaintiff's status at the time of removal. Plaintiff alleged that he moved into the property in 2008, pursuant to a valid month-to-month lease agreement between him and DeRonne, and paid rent and utility bills on the property. There is no indication that either plaintiff or DeRonne terminated the lease at the time DeRonne lost the property to a tax foreclosure. The notice of termination clause in the lease agreement stated that plaintiff may terminate and vacate the property upon 30 days advance notice. There is nothing in plaintiff's pleadings to show that the lease was terminated at any point before or after DeRonne ceased to be the owner of the property. Even after defendants acquired the property, there is nothing in the record showing that they acted to lawfully terminate plaintiff's lease after the acquisition of the property.

Although defendants did not expressly dispute plaintiff's contention that he entered the property pursuant to a valid lease, they argued that plaintiff did not show defendant McMorris a lease or any evidence of his occupation of the property. And defendant McMorris averred that a driver's license found in plaintiff's unit bore a Detroit address, while a newer license had a "Pelkey Street address." Defendants also argued that plaintiff's unit appeared abandoned, that DTE Energy and the water board informed defendant McMorris that there were no services in the property, and that plaintiff informed the police that he was the maintenance man for the property and did not reside on the property. However, in her affidavit, defendant McMorris also averred that defendant Great Lakes sent out typed letters to all occupants of the property, including plaintiff. She also admitted to seeing light in plaintiff's unit.

The trial court also failed to explore the adequacy of the notice to quit and whether the oral and written demand to quit constitutes a legal notice under the law. Although plaintiff alleged that he received a letter from defendant Great Lakes informing him that it was the owner of the property and giving him 10 days to vacate the property, this notice was insufficient as a one month's notice to quit is required to terminate a month-to month tenancy. MCL 554.134(1); *Feister v Bosack*, 198 Mich App 19, 26; 497 NW2d 522 (1993) (holding that "[a] tenant is entitled to one month's notice to quit in order to terminate a month-to month tenancy at will").[2] For the same reasons, defendants' oral notice to plaintiff to vacate in three days is equally insufficient.

Although genuine issues of material facts exist as to plaintiff's status at the time of eviction, the trial court's conclusion that plaintiff was a squatter at the time of removal is unsupported by the parties' pleadings. There is no statutory or caselaw definition of squatter.

---

[2] In Michigan, a month-to-month tenancy is a tenancy at will. *Aspen Enterprises, Ltd v Bray*, 148 Mich App 9, 14-15; 384 NW2d 65 (1985).

-4-

*Merriam-Webster's Collegiate Dictionary* (11th ed) defines a squatter as "one that settles on property without right or title or payment of rent." Given plaintiff's uncontested testimony that he entered the property pursuant to a valid month-to-month lease agreement, it is unclear why the trial court concluded that he was a squatter at the time of removal. Further, although the trial court did not state the basis for the conclusion, it appears that the trial court relied on MCL 600.2918(5) which provides that "[a]n owner's actions do not lawfully interfere with an occupant's possession of premises if the occupant took possession by means of forcible entry, holds possession by force, or came into possession by trespass without color of title or other possessory interest." Although defendants claimed that plaintiff did not show defendant McMorris a lease, and had told the police that he was a maintenance man who did not reside on the property, they did not contend that that they were entitled to possession under MCL 600.2918(5). Indeed, there was no evidence that plaintiff took possession by means of forcible entry, held possession by force, or that he came into possession by trespass. Thus the trial erred by holding that plaintiff was a squatter.

"To facilitate resort to judicial process, the Legislature has provided a summary procedure in the district court to recover possession of realty, MCL 600.5701 *et seq.*, whereby the matter is heard in an expeditious proceeding." *Deroshia*, 151 Mich App at 719. MCL 600.5711(1) provides that "[a] person shall not make any entry into or upon premises unless the entry is permitted by law." Even where entry is permitted by law, MCL 600.5711(2) provides that "the person shall not enter with force but only in a peaceable manner." Further, MCL 600.5714 provides various instances on how a person that is entitled to possession could recover possession by summary proceedings. Here, the parties do not dispute that defendants did not seek eviction proceedings before removing plaintiff's belongings, and that defendant entered the unit twice to remove plaintiff's possession; rather, the parties dispute the circumstances surrounding the eviction, and whether force or threat of force was used during the eviction.

In his complaint, plaintiff alleged that on January 15, 2015, defendants kicked in his door, entered his unit, and threw out his possessions. After plaintiff installed a new lock on the door, and brought his personal belongings back into the unit, he alleged that defendants returned on January 16, 2016, "kicked in" his door, and tore it off the hinges to gain entrance to his unit. He averred that defendants threw his belongings around, poured laundry detergent on his clothing and other possession, and threw all his belongings outside into the back alley. Defendants contend that after they removed plaintiff's belongings from the unit on January 15, 2016, defendant McMorris came back the next day, knocked on the door; and when there was no reply, a locksmith then drilled the lock to gain entrance into the premises, defendants placed plaintiff's personal property in bags, and put them in the hallway. Defendant McMorris contended that plaintiff arrived at the unit, loaded his electronics into his car, and declined her offer to have the crew transport the items to a location of his designation. Given the parties' conflicting positions regarding the circumstances surrounding the eviction, the trial court's grant of summary disposition was improper.

Moreover, an issue of fact exists as to whether defendants had a good-faith belief that plaintiff had abandoned the property at the time of removal. MCL 600.2918(3) provides in pertinent part as follows:

(3) An owner's actions do not lawfully interfere with a possessory interest if any of the following apply:

(c) The owner believes in good faith that the tenant has abandoned the premises, and after diligent inquiry has reason to believe the tenant does not intend to return, and the current rent is not paid.

Defendants asserted that they believed in good faith that plaintiff was a squatter, and argued that they were entitled to use self-help where plaintiff's unit appeared to be abandoned. Defendant McMorris averred that DTE Energy and Water Board informed her that all services were off in the property. She stated that she personally inspected the property, and found the property entry door to be broken. However, she admitted that she observed from the outside that lights appeared on in plaintiff's unit. She also stated that she went to the property in November 2015, met plaintiff at the front door, and he acknowledged receipt of defendant Great Lakes's letter of change of ownership. Conversely, plaintiff maintained that he continuously resided in the property, paid the utility services, and maintained an open and active utility account. In support of this assertion, plaintiff attached to his complaint, two letters of credit from DTE Energy. The letters were addressed to plaintiff, had his unit number, and stated that plaintiff was a customer of DTE Energy and had an account balance of $0.

Although plaintiff admitted, and the trial court found, that he had not paid rent for seven months before eviction, non-payment of rent, standing alone, is insufficient to exercise self-help under the statute. It must be accompanied with a good-faith belief that the tenant has abandoned the property. MCL 600.2918(3)(c). Moreover, a property owner is required to make a diligent inquiry as to whether the tenant has abandoned the property. The trial court failed to explore whether defendants' inquiries to DTE Energy and Water Board about the services in the property were sufficient to give them a good-faith belief that plaintiff abandoned the property. However, any such claim of a good-faith belief that plaintiff abandoned the property appears doubtful in light of defendant McMorris's contention that she saw light in plaintiff's unit, served plaintiff with a notice, and talked to plaintiff in November 2015 about whether he received the notice. Therefore, a question of fact exists as to whether subsection 3(c) applies in the instant case.

Plaintiff also argues that the trial court abused its discretion by refusing to grant his motion for a TRO.[3] "Injunctive relief is an extraordinary remedy that issues only when justice requires, there is no adequate remedy at law, and there exists a real and imminent danger of irreparable injury." *Jeffrey v Clinton Twp*, 195 Mich App 260, 263-264; 489 NW2d 211 (1992). An injunction is an equitable remedy, not an independent cause of action. *Terlecki v Stewart*, 278 Mich App 644, 663; 754 NW2d 899 (2008). Therefore, a plaintiff "must allege some wrongful conduct on the part of defendant for which their requested injunction is an appropriate

---

[3] This Court reviews the grant or denial of injunctive relief for an abuse of discretion. *Martin v Murray*, 309 Mich App 37, 45; 867 NW2d 444 (2015). "An abuse of discretion occurs when the court's decision results in an outcome that falls outside the range of principled outcomes." *Epps v 4 Quarters Restoration LLC*, 498 Mich 518, 528; 872 NW2d 412 (2015).

remedy." *Id*. (citation omitted).MCR 3.310(B) provides for the issuance of a temporary restraining order and states in relevant part as follows:

> (1) A temporary restraining order may be granted without written or oral notice to the adverse party's attorney only if

> (a) it clearly appears from specific facts shown by affidavit or by a verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant from the delay required to effect notice or from the risk that notice will itself precipitate adverse action before an order can be issued;

The trial court did not rule on plaintiff's motion for TRO, apparently considering it moot after its conclusion that defendants were entitled to remove plaintiff from the property. Because plaintiff's request for an injunction stemmed from defendants' alleged forcible eviction of plaintiff from the property, and plaintiff's complaint alleged a legally cognizable claim under the anti-lockout statute, equitable relief in the form of an injunction was available and the trial court abused its discretion by not reaching the merits of the claim for injunctive relief.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. As the prevailing party, plaintiff may tax costs. MCR 7.219(A).

/s/ Douglas B. Shapiro
/s/ Joel P. Hoekstra
/s/ Michael J. Kelly